Max Bloom, J.
Plaintiffs, a firm of attorneys, bring this suit to recover for legal services alleged to have been rendered to G. A. L. Electro Mechanical Service.
The claim arises out of services rendered in connection with one of the controversies among the partners of G. A. L. Without endeavoring to set forth in full the background of that *1038 controversy, let it suffice to say that in 1962 Herbert P. Glaser and Harold Leon were equal partners in G. A. L. In that year each of them entered into a trust agreement placing 22%% of his interest in trust for the benefit of his children, and naming his wife as trustee. Each of the trusts was to terminate on October 1, 1965. 'Simultaneously, Glaser and Leon and the two trustees entered into a new partnership agreement which, by its terms, was to terminate on October 1, 1967. The trust agreements provided that, upon their termination, all of the proceeds thereof would be delivered to the beneficiaries 1 ‘in the form of securities or other investment, properties or .rights, as the same may then exist. ’ ’ The partnership agreement gave to each beneficiary the right to become a partner. It made no provision, however, in the event that such beneficiary declined to join the partnership.
By letter dated June 10,1965, the Glaser beneficiaries notified the partners that they elected not to join the partnership and demanded an accounting and a distribution to them of the percentage of the partnership assets to which they would become entitled on October 1 of that year. Glaser, apparently, took no position with regard to this demand. Leon, however, and the Leon beneficiaries insisted that the trust agreements could not modify the termination date fixed in the partnership agreement.
Extensive litigation followed. In one of the actions brought by the Glaser beneficiaries seeking a declaration of the rights of the parties, an accounting and a distribution of the assets of the partnership, Glaser, Leon, the Leon trustee, the Leon beneficiaries and G. A. L. were named as defendants. Plaintiffs appeared separately on behalf of the Leon group and G. A. L. That action resulted in a declaration, among other things, that the partnership would continue until October 1, 1967 and that pending the termination of the partnership the Glaser beneficiaries would share in the profits and losses of the partnership in accordance with their prior beneficial interest therein. Appeal to the Appellate Division resulted in a modification limiting the losses to be shared by the Glaser beneficiaries to their distributive share in the partnership assets (Glaser v. Leon, 28 A D 2d 834; Leon v. Glaser, 28 A D 2d 833).
Plaintiffs have been paid for the services rendered by them to the Leons. They contend, however, that G. A. L. is a separate jural entity and that by reason of their appearance and defense on behalf of the partnership (now composed solely of the Glaser group), they are entitled separately to be compensated by G. A. L.
*1039 CPLR 1025 provides, in part, that “ Two or more persons conducting a business as a partnership may sue or be sued in the partnership name ”. This section, which is derived from section 222-a of the former Civil Practice Act, was the product of a study made by the Judicial Council (Eleventh Annual Report, 1945, pp. 224^227). The study makes plain that the purpose of the amendment was merely to create a new procedural technique for subjecting a partnership to the jurisdiction of the court. Thus, “ for purposes of pleading, a partnership is to be regarded as a legal entity” (Riviera Congress Assoc. v. Yassky, 18 N Y 2d 540, 547; Ruzicka v. Rager, 305 N. Y. 191, 197. See, also, D’Ippolito v. Cities Serv. Co., 374 F. 2d 643; Joscar Co. v. Consolidated Sun Ray, 212 F. Supp. 634; Eastern Metals Corp. v. Martin, 191 F. Supp. 245).* While, substantively, ‘ ‘ the Legislature has the right to consider a partnership apart from its members [citing case], in the absence of such legislative treatment, a partnership is not to be regarded as a separate entity distinct from the persons who compose it ’ ’ (Williams v. Hartshorn, 296 N. Y. 49, 51).
However, the procedural changes effected by the enactment of CPLR 1025 and its predecessor statute have in no way affected substantive rights (cf. Golia v. Health. Ins. Plan of Greater N. Y., 6 A D 2d 884). These remain as they were prior to the enactment of the statute. Inasmuch as all of the partners were before the court, the inclusion of Gr. A. L. as a named defendant neither added to nor detracted from the power of the court to render a declaration affecting the partnership, nor was its presence as a separate entity necessary in order to effect a disposition of the partnership property. Indeed “when a partnership is sued in thé individual names of its members as co-partners * * * the partnership in its own name can have no standing as an additional party defendant capable of entering an appearance * * *. When a partnership is sued in [the partnership name] it is regarded as an entity for the purposes of pleading although the substantive law with regard to the liability of the members- of the firm remains unchanged ” (Martinoff v. Triboro Roofing Co., 228 N. Y. S. 2d 139,141).
It follows therefrom that since the plaintiffs had already appeared on .behalf of the Leon group, their appearance on behalf of Gr. A. L. as an alleged jural entity added nothing and was, therefore, unnecessary. The considerable benefits which redounded from the litigation inured to the benefit of the part *1040 ners. Bach was represented by his own attorney. By consequence, each bears responsibility for his share of the cost of the litigation.
The body of the complaint makes plain that the defendants, with the exception of the Leon trustee, were sued in their capacity as partners. Hence, the failure to set forth such capacity in the caption cannot be considered a fatal defect (Yeager v. Transvision, Inc., 277 App. Div. 986; Arlen of Nanuet v. State of New York, 52 Misc 2d 1009). Accordingly, defendants’ motion for judgment is granted.

 See, also, Taormina Corp. v. Escobedo (254 F. 2d 171, cert. den. 358 U. S. 827) which, in interpreting rule 28-of the Texas Rules of Civil Procedure,-a counterpart of CPLR 1025, reaches the same conclusion.