■ THOMAS F. SNAY, Respondent, v ROYCE G. WOOD et al., Appellants. —Appeal from an order of the County Court of Saratoga County, entered March 22, 1974, which denied a motion by defendants to dismiss the complaint. This action is one to compel the specific performance of an alleged contract for the sale of real property. Plaintiff alleges an agreement between the parties whereby plaintiff agreed to rent the premises in question for three years at the end of which time he was to receive a deed from defendants and to give back a mortgage on the premises. He further alleges that he entered into possession of the premises, made all necessary payments under the contract and made improvements to the premises. He states that he made the final payment of rent in accordance with the agreement and is ready to give a mortgage in exchange for a deed pursuant to the agreement, but the defendants have presented him with a notice requiring that he vacate the premises. Defendants asserted an affirmative defense that the contract does not comply with the Statute of Frauds (General Obligations Law, §§ 5-703, 5-701) and is, therefore, unenforceable. They moved to dismiss the complaint on the ground that the cause of action stated in the complaint has no merit and there is no triable issue of fact. The County Court denied that motion and this appeal ensued. We have examined the three separate writings upon which plaintiff relies to make up the entire contract. They are clearly referable to each other and, taken together, constitute a memorandum within the meaning of the statutes. The memorandum, however, must describe the property with reasonable certainty. *(Barber v Stewart,* 275 App Div 429.) The sole reference to the property in question in the present case is Clause No. 3 of the agreement, which provides: "3. No major changes in the buildings for 3 years—(such as rooms, windows etc.)". The writings are utterly devoid of any attempt to describe the property. A memorandum clearly insufficient on its face cannot be cured by using the extrinsic evidence of plaintiff's occupancy. *(Johnson v Edmunds,* 278 App Div 470; *Barber v Stewart, supra; Mandel v Guardian Holding Co.,* 200 App Div 767.) The memorandum is insufficient to satisfy the Statute of Frauds as it does not contain all of the essential terms of the agreement as pleaded. *(Crabtree v Elizabeth Arden Sales Corp.,* 305 NY 48.) Plaintiff contends, in the alternative, that his occupation and improvements on the premises constitute sufficient part performance to take the agreement out of the statute. Where there is a conflict as to the extent and character of the possession and of alteration and repairs to defendants' property by plaintiff under the alleged contract of sale, as in the instant case, a question of fact is presented as to whether plaintiff's acts constituted such part performance of an oral contract as to remove it from the operation of the Statute of Frauds. *(Cain v Wood,* 14 AD2d 933.) In our opinion, the County Court properly denied defendants' motion to dismiss. The complaint alleges that plaintiff entered into possession of the premises, made all of the required payments toward the purchase price of the premises, expended large sums of money and great amounts of time in improving the premises and paid the taxes and water rents as well. The allegations are sufficient to necessitate a trial of the factual issues. *(Walter v Hoffman,* 267 NY 365.) We find that *Wilson v La Van* (22 NY2d 131), relied on by defendants, is distinguishable. There the court found that a lessee of the property who derived his livelihood from working on a farm was just as likely as an owner to make such improvements. There were no rent payments, just mortgage and tax payments which the plaintiff listed as rent

on his income tax. We cannot say, as a matter of law, that plaintiff's acts in the present case, if proved, did not amount to sufficient part performance which was unequivocally referable to the alleged contract of sale. Order affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Koreman and Reynolds, JJ., concur.