(April 13, 1992)

■ LYDA BARCLAY et al., Respondents, v KATHERINE N. DENCKLA, Defendant and Third-Party Plaintiff-Appellant. GAGOS, INC., et al., Third-Party Defendants-Respondents.—In an action to recover a real estate broker's fee, the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered June 28, 1990, as denied her motion for summary judgment dismissing the complaint and to sever the second and third causes of action asserted in the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs-respondents.

In this action, the plaintiffs are seeking to recover a broker's fee allegedly earned on the sale of the appellant's condominium. The appellant moved for summary judgment on the ground that the plaintiffs, although licensed as real estate brokers in their individual capacities, were partners, and as such, had to be licensed as a partnership under Real Property Law § 440-a before they could maintain a suit for a broker's fee under Real Property Law § 442-d. We affirm the denial of summary judgment.

Summary judgment is a drastic remedy that will only be awarded when there is no triable issue of fact and the court can render a decision as a matter of law (see, Andre v Pomeroy, 35 NY2d 361). We find, without passing on the merits of the appellant's assertions, that she has failed to present sufficient proof of the plaintiffs' alleged partnership for this court to render a decision as a matter of law. The issue of the existence of a partnership between the plaintiffs, therefore, remains a question of fact to be resolved at trial and summary judgment was properly denied.

The appellant also challenged the denial of her request for a severance of two unrelated causes of action in the third-party complaint. However, the requested severance was premised upon the granting of summary judgment, which was properly denied. Therefore, we decline to disturb the determination of the Supreme Court on this issue. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.