■ TAD A. SCHAFER et al., Respondents, v PATRICIA A. ALBRO, Appellant. [649 NYS2d 260] —Order unanimously modified on

the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of defendant's motion seeking partial summary judgment dismissing the cause of action alleging breach of a real estate contract between the parties. Although the alleged contract is not in writing or subscribed by plaintiffs (*see,* General Obligations Law § 5-703 [2]), plaintiffs allege in their verified complaint that they had possession of the property; made part payment of the purchase price to defendant and her husband; made extensive improvements to the property at a total cost of over $20,000; paid off the second mortgage in the amount of $25,733.76; and, from November 1, 1988 to February 1991, made the payments on the first mortgage. Plaintiffs have thereby raised an issue of fact whether they are entitled to specific performance of the contract based upon part performance (*see,* General Obligations Law § 5-703 [4]; *Roberts v Fulmer,* 301 NY 277, 284, *rearg denied* 301 NY 778; *Burns v McCormick,* 233 NY 230, 232-233; *Snay v Wood,* 50 AD2d 651).

The court abused its discretion, however, in denying that part of defendant's motion seeking leave to serve an amended answer to allege the affirmative defense of duress. Leave to amend a pleading "shall be freely given" (CPLR 3025 [b]). Delay in seeking an amendment is not, standing alone, a sufficient ground for denial of leave to amend (*Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959), and plaintiffs have failed to show the requisite significant prejudice as a result of the delay (*see, Edenwald Contr. Co. v City of New York, supra,* at 959; *Omni Group Farms v County of Cayuga,* 199 AD2d 1033, 1034; *Stengel v Clarence Materials Corp.,* 144 AD2d 917, 918).

Defendant has failed to brief the issue whether the court erred in denying her motion to file nunc pro tunc a demand for a jury trial; therefore, that issue is deemed abandoned (*see, Ciesinski v Town of Aurora,* 202 AD2d 984).

We modify the order by granting in part defendant's motion and granting leave to serve an amended answer alleging the affirmative defense of duress. (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Callahan and Boehm, JJ.