■ NIAGARA MOHAWK POWER CORPORATION, Respondent, v HARVEY D. FREED et al., Defendants, and GEORGE PAYTON et

al., Appellants. [719 NYS2d 789] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of plaintiff's motion seeking a default judgment on liability against Contractor Clearing Company and in denying the cross motion of defendant Rick Boyd seeking to compel plaintiff to accept an answer on behalf of Contractor Clearing Company. Both the summons and the caption of the complaint list the individual defendants "individually, and doing business as Contractor Clearing Company." In the complaint, plaintiff alleges that "defendant Contractor Clearing Company is, upon information and belief, a *de facto* partnership." The individual defendants, who constitute the partners of the alleged partnership, submitted answers to the complaint, but no answer was submitted on behalf of the alleged partnership, Contractor Clearing Company. Assuming that the individual defendants should have known from the allegations in the complaint that plaintiff intended to sue Contractor Clearing Company as a partnership, we conclude that the partners answered on behalf of the partnership when they answered the complaint (*see, Corsicana Ready Mix v Trinity Metroplex Div.,* 559 SW2d 423, 423-424; *see generally, Caprice Imports v Soc. Acc. Semplice Calzaturificio Vibelsport Di Vibelli & C.,* 27 Misc 2d 983, 984, *affd* 13 AD2d 952, *lv denied* 10 NY2d 708). Persons conducting a business as a partnership may be sued in the partnership name (*see,* CPLR 1025) or they each may be named individually as defendants (*see, Sugarman v Glaser,* 62 Misc 2d 1037, 1039; *Arlen of Nanuet v State of New York,* 52 Misc 2d 1009, 1012). Unlike a corporation, a partnership is not a separate entity, and the actions of its partners, e.g., submitting answers to a complaint, are binding on the partnership.

In any event, even assuming, arguendo, that there was a pleading default, we note that "[p]ublic policy favors the resolution of a case on the merits, and a court has broad discretion to grant relief from a pleading default if there is a showing of merit to the defense, a reasonable excuse for the delay and it appears that the delay did not prejudice the other party" (*Cleary v East Syracuse-Minoa Cent. School Dist.,* 248 AD2d 1005; *see, Klenk v Kent,* 103 AD2d 1002, *appeal dismissed* 63 NY2d 953). The individual defendants demonstrated a meritorious defense to the action against Contractor Clearing Company by raising a triable issue of fact concerning the existence of the alleged partnership (*see, Kyle v Brenton,* 184 AD2d 1036, 1036-1037; *Barclay v Denckla,* 182 AD2d 658). In their

answers, the individual defendants denied plaintiff's allegation that Contractor Clearing Company was a de facto partnership. The individual defendants also demonstrated a reasonable excuse for the delay, i.e., that they were not aware that Contractor Clearing Company was a defendant in the action. Neither the summons nor the caption of the complaint indicates that plaintiff is suing Contractor Clearing Company as a partnership, and plaintiff never sought to amend those papers to so indicate (*see, Air Tite Mfg. v Acropolis Assocs.,* 202 AD2d 1067; *Yanni v Chopp,* 130 AD2d 489, 490, *lv dismissed* 70 NY2d 926; *De Witt v Abraham Bros. Horse & Mule Co.,* 170 App Div 610).

Finally, plaintiff has not been prejudiced by any delay in the filing of an answer by Contractor Clearing Company, in view of the fact that plaintiff received answers from the individual defendants who constitute the partnership (*see generally, Parker v IESI N. Y. Corp.,* 276 AD2d 449; *Leary v Pou Poune,* 273 AD2d 8; *Cleary v East Syracuse-Minoa Cent. School Dist., supra*). Considering all the circumstances of this case, we conclude that the court abused its discretion in granting that part of plaintiff's motion seeking a default judgment and denying Boyd's cross motion (*cf., Snediker v Rockefeller Ctr.,* 182 AD2d 585, 586), and thus we modify the order accordingly. (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Amend Pleading.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.