■ CARL G. DEERING et al., Appellants, v WILLIAM KARIN, Defendant, and LAURA KARIN et al., Respondents. [728 NYS2d

623] —Order unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of the motion of defendant Laura Karin seeking summary judgment dismissing the first two causes of action for fraud against her. Plaintiff Carl G. Deering allegedly was induced to convey plaintiffs' home to defendant William Karin in 1991 upon his promise to reconvey it when plaintiffs repaid a loan in the amount of $11,500 and to convey two acres of an adjoining parcel that defendants William Karin and Laura Karin (Karins) intended to purchase. Following the conveyance of their home, plaintiffs remained in possession of it and allegedly made regular loan payments to the Karins. Plaintiffs commenced this action in 1999, alleging in the first two causes of action that the Karins fraudulently breached the 1991 oral agreement by encumbering the home with mortgages in 1992 and 1995 without their knowledge or consent and by conveying the adjoining parcel to defendant Richard Cain in 1998 without conveying two acres of it to them. The court properly determined that no cause of action for fraud lies where, as here, "the only fraud charged relates to a breach of contract" (*Gordon v De Laurentiis Corp.*, 141 AD2d 435, 436; *see, WIT Holding Corp. v Klein*, 282 AD2d 527; *Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 118).

The third cause of action seeks to impose a constructive trust on two acres of the adjoining parcel now owned by Cain. Because Laura Karin is not the holder of legal title to that parcel, the court properly granted that part of her motion seeking summary judgment dismissing that cause of action against her (*see, Simonds v Simonds*, 45 NY2d 233, 241). We agree with plaintiffs, however, that the court erred in granting that part of the motion of Cain seeking summary judgment dismissing that cause of action against him. Contrary to the determination of the court, that cause of action accrued when the parcel was transferred to Cain in 1998 (*see, Sitkowski v Petzing*, 175 AD2d 801, 802) and thus is not barred by the applicable six-year Statute of Limitations. Furthermore, there is a triable issue of fact whether Cain was a gratuitous donee (*see, Simonds v Simonds, supra*, at 242; *Istel v Istel*, 258 AD2d 506, 507).

We note that plaintiffs may have a valid cause of action against the Karins for breach of contract. Such a cause of action, alleging that the agreement was breached in 1995 and in 1998, would not be time barred (*see, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402), and plaintiffs' payments

may constitute part performance of the oral agreement (*see, Ognenovski v Wegman*, 275 AD2d 1013, 1014-1015; *Schafer v Albro*, 233 AD2d 900, 901; *Gross v Vogel*, 81 AD2d 576, 577).

We thus modify the order in the exercise of discretion by granting plaintiffs leave to serve an amended complaint asserting a cause of action against the Karins for breach of contract within 30 days of service of a copy of the order of this Court with notice of entry (*see, Barber v Daly*, 185 AD2d 567, 570). We further modify the order by denying in part the motion of Cain and reinstating the third cause of action against him. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.