FOURTH DEPARTMENT, NOVEMBER, 2001

(November 9, 2001)

■ NIAGARA MOHAWK POWER CORPORATION, Respondent, v HARVEY D. FREED et al., Individually and Doing Business as CONTRACTOR CLEARING COMPANY, et al., Appellants, et al., Defendants. [733 NYS2d 828] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action asserting, *inter alia*, causes of action for commercial bribery, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of contract, tortious interference with contract, and unjust enrichment. Plaintiff moved for partial summary judgment on the breach of fiduciary duty cause of action against defendant Harvey D. Freed; on the aiding and abetting breach of fiduciary duty cause of action against defendants George Payton, Paul Farmer, Rick Boyd, and Boyd Corliss; and on the breach of contract cause of action against defendant Dumac Forestry Services, Inc. (Dumac). In its motion, plaintiff also sought an adjudication of liability against Freed, Payton, Farmer, Boyd, and Corliss as partners of Contractor Clearing Company. Dumac and Payton cross-moved for partial summary judgment dismissing certain causes of action as time-barred. All defendants opposed plaintiff's motion on the ground that additional discovery is needed or cross-moved to compel discovery.

There is a six-year Statute of Limitations for the causes of action for commercial bribery, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of contract, and unjust enrichment (*see*, CPLR 213 [1], [2]) and a three-year

Statute of Limitations for the cause of action for tortious interference with contract (*see,* CPLR 214 [4]). Those causes of action accrued between 1985 and 1990, when plaintiff alleges that defendants engaged in conduct that resulted in harm to it, but plaintiff did not commence this action until April 1998. Thus, those causes of action must be dismissed as time-barred unless the doctrine of equitable estoppel bars the application of the relevant Statutes of Limitations. We determined in a prior appeal that "[p]laintiff set forth sufficient factual allegations of defendants' affirmative acts of deception to raise a triable issue of fact whether the doctrine of equitable estoppel should apply to toll the Statute of Limitations" (*Niagara Mohawk Power Corp. v Freed,* 265 AD2d 938, 940). Based upon the record now before us, we conclude that the doctrine of equitable estoppel does not apply to Dumac, Payton, Farmer, Boyd and Corliss, but that an issue of fact remains concerning the applicability of the doctrine to Freed.

The record demonstrates that Dumac, Payton, Farmer, Boyd and Corliss made no actual misrepresentations to plaintiff. Although plaintiff alleged that defendants actively concealed the existence of Contractor Clearing Company, an alleged de facto partnership formed by defendants to facilitate the unlawful conduct, plaintiff failed to set forth any evidence of actual misrepresentations made by Dumac, Payton, Farmer, Boyd, or Corliss to support that allegation. If there is concealment without an actual misrepresentation, estoppel is appropriate only where there is a fiduciary relationship that "gave the defendant[s] an obligation to inform [plaintiff] of facts underlying the claim" (*Gleason v Spota,* 194 AD2d 764, 765; *see, Jordan v Ford Motor Co.,* 73 AD2d 422, 424). Here, plaintiff failed to raise a triable issue of fact whether Payton, Farmer, Boyd, Corliss, or Dumac had a fiduciary relationship with plaintiff. No "relationship of trust" exists between plaintiff and those defendants giving rise to a duty to disclose information (*Pemper v Reifer,* 264 AD2d 625, 626; *see, Gleason v Spota, supra,* at 765). Thus, we conclude that Supreme Court erred in granting that part of plaintiff's motion seeking partial summary judgment on the specified causes of action and erred in denying that part of the cross motion of Dumac seeking partial summary judgment dismissing as time-barred the causes of action for commercial bribery, aiding and abetting breach of fiduciary duty, breach of contract, tortious interference with contract, and unjust enrichment against it. The court further erred in denying the cross motion of Payton seeking partial summary judgment dismissing as time-barred the causes of action for aiding and abetting breach of fiduciary duty and tortious interference with contract against him.

In addition, we exercise our authority pursuant to CPLR 3212 (b) to search the record and grant summary judgment in favor of Payton dismissing as time-barred the commercial bribery cause of action against him, despite Payton's failure to seek that relief. We also grant summary judgment to Farmer, Boyd, and Corliss dismissing as time-barred the commercial bribery, aiding and abetting breach of fiduciary duty, and tortious interference with contract causes of action against them.

With respect to the applicability of the doctrine of equitable estoppel to the cause of action against Freed for breach of a fiduciary duty, plaintiff set forth an alleged affirmative misrepresentation made by him, and Freed raised a triable issue of fact whether plaintiff's reliance upon that written statement was justified (see, Jordan v Ford Motor Co., supra, at 423-424). In addition, with respect to the applicability of that doctrine, there is an issue of fact whether Freed concealed the alleged wrongdoing from plaintiff (see, Jordan v Ford Motor Co., supra, at 423-424). With respect to the merits of the breach of fiduciary duty cause of action, we conclude that Freed raised an issue of fact whether he breached his fiduciary duty (cf., Romeo v Schmidt [appeal No. 3], 244 AD2d 861). Thus, the court erred in granting that part of plaintiff's motion seeking partial summary judgment on that cause of action.

Finally, the court erred in granting that part of plaintiff's motion seeking partial summary judgment on the joint and several liability of Freed, Payton, Farmer, Boyd, and Corliss as partners of Contractor Clearing Company. Plaintiff moved for such relief based on a default judgment on liability against Contractor Clearing Company. Subsequent to the court's decision herein, however, we determined that the court erred in granting a default judgment against Contractor Clearing Company (Niagara Mohawk Power Corp. v Freed, 278 AD2d 839). Thus, in the absence of a determination on Contractor Clearing Company's liability, there is no basis for holding Freed, Payton, Farmer, Boyd, and Corliss jointly and severally liable as partners of Contractor Clearing Company. In any event, there is a triable issue of fact whether Contractor Clearing Company was a partnership and whether those defendants were partners in that alleged partnership (see, Kyle v Ford, 184 AD2d 1036, 1037).

We therefore modify the order and judgment by denying plaintiff's motion in its entirety; granting the cross motion of Dumac and dismissing the causes of action for commercial bribery, aiding and abetting breach of fiduciary duty, breach of contract, tortious interference with contract, and unjust enrich-

ment against it; granting the cross motion of Payton and dismissing the causes of action for aiding and abetting breach of fiduciary duty and tortious interference with contract against him; dismissing the cause of action for commercial bribery against Payton; and dismissing the causes of action for commercial bribery, aiding and abetting breach of fiduciary duty, and tortious interference with contract against Farmer, Boyd, and Corliss. (Appeals from Order and Judgment of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.