■ Edward Dombek, Respondent, v Edward M. Reiman, as Voluntary Administrator and Executor for the Estate of Jean Reiman, Deceased, Appellant. [748 NYS2d 630] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered March 1, 2002, which, inter alia, denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. Plaintiff commenced this action seeking to impose a constructive trust on real property owned as joint tenants by defendant and Jean Reiman, plaintiff's sister, who died after the action was commenced. Plaintiff had named his sister (decedent) as a joint tenant to certain bank accounts in 1994. Plaintiff alleges that in 1994 he agreed to allow decedent to use $80,000 from those accounts to purchase the subject real property, a two-family home. Plaintiff alleges that decedent promised that, for the remainder of his life, plaintiff could reside rent-free in the upper apartment of the two-family home. He believed that his name was placed on the deed but learned later that only decedent and defendant, her husband, were named as joint tenants on the deed. Decedent at that time explained that his name had not been placed on the deed in order to avoid "estate complications," but she reaffirmed that for the remainder of his life he could reside rent-free in the apartment. In December 2000 decedent began to seek rent from plaintiff, and plaintiff thereafter was evicted from the apartment in early 2001.

Contrary to the contention of defendant, he is not entitled to summary judgment dismissing the complaint as time-barred. "The equitable claim for the imposition of a constructive trust is governed by the six-year Statute of Limitations of CPLR 213 (1) * * *, which begins to run at the time of the wrongful conduct or event giving rise to a duty of restitution" (Maric Piping v Maric, 271 AD2d 507, 508). In this case, the statute of limitations did not begin to run until plaintiff was evicted and was thereby deprived of the benefit of his agreement with decedent that, for the remainder of his life, he could reside rent-free in the upper apartment. Plaintiff was not evicted

until 2001, and plaintiff commenced this action that same year. Thus, this action is not time-barred (*see generally Augustine v Szwed,* 77 AD2d 298, 300-301). Also contrary to the contention of defendant, he is not entitled to summary judgment dismissing the complaint based on the statute of frauds. "[T]he Statute of Frauds is not a defense to a properly pleaded cause of action to impose a constructive trust upon real property" (*Gottlieb v Gottlieb,* 166 AD2d 413, 414; *see also Booth v Booth,* 178 AD2d 712, 714). Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.