■ In the Matter of KURT W. WATSON, Appellant, for the Dissolution of WATSON LANDSCAPING, INC., Respondent. [778 NYS2d 658]—

Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered August 12, 2003. The order denied petitioner's motion for partial summary judgment in a proceeding pursuant to Business Corporation Law § 1104-a.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Petitioner, a former employee, officer, and director and a current minority shareholder of respondent, a closely held corporation, commenced this proceeding pursuant to Business Corporation Law § 1104-a, seeking dissolution of respondent on the grounds that the other two shareholders had engaged in illegal and fraudulent actions and were guilty of oppressive conduct toward him. The second amended petition additionally seeks to recoup monies allegedly owed to petitioner by respondent pursuant to a series of corporate and personal financial transactions engaged in among the shareholders and others. Respondent's answer asserts, inter alia, eight counterclaims that seek to recoup monies allegedly owed by petitioner to respondent.

Supreme Court properly denied petitioner's motion for partial summary judgment. Addressing the issues in the order in which they are raised in the briefs, we conclude that the court properly denied that part of petitioner's motion for partial summary judgment dismissing respondent's "fifteenth defense and seventh counterclaim," which seeks to impose a constructive trust upon an 85-acre parcel of real property acquired by petitioner or a partnership controlled by him and thereafter leased to some extent to respondent. Respondent alleges therein that petitioner thereby usurped a corporate opportunity, in breach of his fiduciary duty to respondent. The court further properly rejected petitioner's contention that the "fifteenth

defense and seventh counterclaim" is barred by the statute of limitations. Under the doctrine of equitable recoupment, the matter pleaded therein, which relates to the transactions and occurrences pleaded by petitioner, may be utilized by respondent to defend against and offset any liability that respondent otherwise might incur on petitioner's claims, irrespective of whether the counterclaim is itself time-barred (see CPLR 203 [d]; see also Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d 788, 791-792 [1976]; Town of Amherst v County of Erie, 247 AD2d 869, 869-870 [1998]). In any event, we agree with respondent that the counterclaim seeking to impose a constructive trust on the real property and any rents and other income derived therefrom by petitioner may be timely under rules governing the accrual of claims for breach of fiduciary duty. Where, as here, a fiduciary relationship exists and there are colorable allegations of concealment, the doctrine of equitable estoppel may apply to toll the statute of limitations (see Niagara Mohawk Power Corp. v Freed, 288 AD2d 818, 819-820 [2001]; cf. Mars v Diocese of Rochester, 6 AD3d 1120 [2004]; Hetelekides v Ford Motor Co., 299 AD2d 868 [2002]).

The court properly concluded with respect to the third cause of action that there are triable issues of fact concerning whether the 1992 "Shop Lease" encompassed only 1.5 acres or the entire 85-acre parcel. Moreover, the court properly denied that part of petitioner's motion with respect to the third cause of action to the extent that it seeks rent allegedly due under the alleged 1995 garden center lease. The court further properly denied those parts of the motion of petitioner with respect to respondent's fourth and fifth affirmative defenses alleging, respectively, that the garden center lease is void based on petitioner's unauthorized and self-dealing conduct in obtaining the lease and that petitioner is estopped from seeking recovery under that lease. There is a triable issue of fact concerning which lease document, the 1995 lease or the 1997 lease, is controlling with respect to the terms and conditions of respondent's occupancy of the garden center.

The court properly denied that part of petitioner's motion with respect to respondent's "eleventh defense and third counterclaim" alleging petitioner's conversion of corporate assets. The court further properly denied those parts of the motion of petitioner with respect to the second cause of action seeking repayment of alleged corporate indebtedness to him, and with respect to respondent's third affirmative defense challenging the legitimacy of that alleged debt.·

We have considered petitioner's remaining contentions and

conclude that they are without merit. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.