■ In the Matter of the Estate of HENDRICK C. ELDERENBOSCH, Deceased. PUBLIC ADMINISTRATOR OF NASSAU COUNTY, Respondent; AUKLET, INC., et al., Appellants, et al., Respondents. [783 NYS2d 658]—

In a proceeding to vacate certain liens against the decedent's property, Auklet, Inc., and Steven Wimpfheimer appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated August 19, 2003, as denied their cross motion to dismiss the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The decedent, Hendrick C. Elderenbosch, died in 1975, and in his will specifically devised a remainder interest in his waterfront home and real property (hereinafter the premises) to his son, or if he should die, his issue, subject to a life estate granted to his friend, Erna Boosman, who was also named executrix. Ms. Boosman resided at the premises until her death in 2003. As the decedent's grandchildren are nondomiciliary aliens, and the successor executor predeceased Ms. Boosman, the Public Administrator of Nassau County (hereinafter the Public Administrator) was appointed administrator of the decedent's will by the Surrogate's Court and was expressly authorized to sell the premises.

Upon obtaining a title and lien search for the premises, the Public Administrator discovered that several liens, characterized as "bogus and unauthorized," including a substantial mortgage lien, had been placed on the premises by Auklet, Inc. (hereinafter Auklet) during the last 14 months of Ms. Boosman's life. The Public Administrator commenced this proceeding to vacate the liens against the decedent's property, alleging that they were of questionable validity, and that Ms. Boosman, as executrix, lacked the authority to grant a mortgage lien against specifically-devised property pursuant to EPTL 11-1.1 (b) (5). The appellants, Auklet and its president, Steven Wimpfheimer, cross-moved to dismiss the petition asserting, inter alia, that the Surrogate's Court was without jurisdiction over the proceeding. The Surrogate's Court rejected the appellants' objections, and concluded that it had subject matter jurisdiction over the proceeding. We affirm.

Consistent with constitutional and statutory mandates relating to the jurisdiction of the Surrogate's Court (*see* NY Const, art VI, § 12 [d]; SCPA 201, 202), the Court of Appeals has broadly construed the Surrogate's jurisdiction. In *Matter of Piccione* (57 NY2d 278, 288 [1982] [internal quotation marks omitted]), the Court of Appeals stated that "for the Surrogate's Court to decline jurisdiction, it should be abundantly clear that the matter in controversy in no way affects the affairs of a decedent or the administration of his estate." Since the petition challenges the actions of Ms. Boosman in allowing a mortgage lien to encumber the premises as violative of the provision of the will requiring her to "pay all assessments levied" on the premises, it is for the Surrogate to determine whether Ms. Boosman failed to fulfill her obligations as life tenant under the will (*see Matter of Kummer*, 93 AD2d 135, 165-166 [1983]). Further, by allegedly executing the note evidencing the mortgage, Ms. Boosman appears to have exceeded her authority as executrix pursuant to EPTL 11-1.1 (b) (5), which authorizes an executrix to mortgage real property unless such real property was specifically devised under the decedent's will, as it was herein. At the very least, whether, as the appellants claim, the will authorized such action, a question of construction is presented for resolution by the Surrogate (*see Matter of Verplanck*, 91 NY 439 [1883]).

Thus, the Surrogate's Court has subject matter jurisdiction over the issues raised by the Public Administrator since they relate to "the affairs of a decedent or the administration of his estate" (*Matter of Piccione, supra* at 288 [internal quotation marks omitted]; *see Matter of Denton*, 6 AD3d 531 [2004]), and while certain of the issues may properly be resolved in other forums, the Surrogate's Court has jurisdiction to effect a complete disposition of the matter before it (*see Matter of Kummer, supra; see Matter of Lupoli*, 275 AD2d 44, 51 [2000]). S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.