■ In the Matter of the Estate of PETER R. PICCILLO, Deceased. JOHN J. PICCILLO, as Administrator of the Estate of MARY C. PICCILLO, Deceased, Respondent; LAURA I. AMMER, as Voluntary Administrator of the Estate of PETER R. PICCILLO, Deceased, Appellant. [797 NYS2d 236]—

Appeal from a decree of the Surrogate's Court, Erie County (Joseph S. Mattina, S.), entered December 31, 2003. The decree, among other things, revoked the appointment of respondent as voluntary administrator of the estate of Peter R. Piccillo, deceased, and ordered respondent to account and to attorn certain bank accounts to the estate of Mary C. Piccillo, deceased.

It is hereby ordered that the decree be and the same hereby is unanimously affirmed without costs.

Memorandum: We affirm for reasons stated at Surrogate's Court. We add, however, that the court had the requisite jurisdiction over the subject matter of this proceeding, which "affects the affairs of a decedent or the administration of his [or her] estate" (*Matter of Piccione*, 57 NY2d 278, 288 [1982] [internal quotation marks omitted], *rearg denied* 58 NY2d 824 [1983]; *see Matter of Elderenbosch*, 11 AD3d 685, 687 [2004]; *see also* NY Const, art VI, § 12 [d], [e]; SCPA 201, 202). We further conclude that the court had "the requisite personal jurisdiction over [the parties sought to be bound] or *an adequate in rem substitute for it*," i.e., the contents or traceable proceeds of the bank accounts at issue in the proceeding (Siegel and Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 202, at 115 [emphasis added]; *see Matter of Kummer*, 93 AD2d 135, 167 [1983]; *see generally* SCPA 205 [1]; 206 [1]).

We further add that the petition was timely interposed. The gravamen of the petition is the breach of a trust or fiduciary duty by decedent or an actual or constructive fraud perpetrated by him, and the petition seeks relief in the nature of restitution of converted funds or the imposition of a constructive trust upon their traceable proceeds. A cause of action for fraud must be commenced within six years of the fraud or two years from the time at which the fraud was or could have been discovered in the exercise of reasonable diligence, whichever is greater (*see* CPLR 213 [8]). The record establishes that the fraud herein was neither actually discovered nor discoverable in the exercise of reasonable diligence until the death of decedent, which occurred 10 months prior to the commencement of this proceeding. Generally, there is a six-year statute of limitations applicable to a cause of action for breach of fiduciary duty and the imposition of a constructive trust upon property (*see* CPLR 213 [1]; *Dombek v Reiman*, 298 AD2d 876, 876-877 [2002]; *Niagara Mohawk*

*Power Corp. v Freed*, 288 AD2d 818, 818-819 [2001]; *Deering v Karin*, 285 AD2d 977, 978 [2001]), and such causes of action accrue at the time of the alleged wrongful conduct or the event allegedly giving rise to the duty of restitution (*see Dombek*, 298 AD2d at 876; *Niagara Mohawk Power Corp.*, 288 AD2d at 819). Nevertheless, it is well settled that where, as here, a fiduciary relationship exists and there are allegations of concealment, the doctrine of equitable estoppel may be applied to toll the statute of limitations or preclude a litigant's reliance on it (*see General Stencils v Chiappa*, 18 NY2d 125, 127-128 [1966]; *Matter of Watson*, 8 AD3d 1092, 1094 [2004]; *Niagara Mohawk Power Corp.*, 288 AD2d at 819-820; *Erbe v Lincoln Rochester Trust Co.*, 13 AD2d 211, 213-215 [1961], *appeal dismissed* 11 NY2d 754 [1962]). Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.