■ In the Matter of MICHAEL GILL et al., Respondents-Appellants, v NEW YORK STATE RACING AND WAGERING BOARD, Appellant-Respondent. [858 NYS2d 15]—

Order and judgment (one paper), Supreme Court, New York County (Ronald A. Zweibel, J.), entered March 9, 2006, invalidating an emergency rule promulgated by respondent New York State Racing and Wagering Board (Racing Board) that permitted the postrace testing of horses for the presence of the drug Fluphenazine and provided for disciplinary action against the horses' owners, enjoining the Racing Board from implementing and enforcing the rule, annulling the Racing Board's determination disqualifying petitioners' horses and declaring their purses forfeited, and remitting the matter to the Racing Board for further proceedings, unanimously modified, on the law, so as to dismiss petitioners' first two causes of action on statute of limitations grounds and reinstate the determination disqualifying petitioners' horses and declaring their purses forfeited, and otherwise affirmed, without costs, and the matter remanded to Supreme Court for further proceedings consistent herewith.

The Racing Board did not waive its argument that the statute of limitations on petitioners' first two causes of action challenging the promulgation of an emergency rule accrued when the rules were promulgated because, although the nature of its argument was modified on appeal, the Racing Board asserted the statute of limitations on its cross motion to dismiss, and the modified argument does not depend on any facts not contained in the record considered by the court (*see New York City Health & Hosps. Corp. v Bane*, 208 AD2d 97, 103 [1995], *revd on other grounds* 87 NY2d 399 [1995]). Because the first two causes of action challenge the enactment of the emergency rule that was in place on the date petitioners were informed that their horses had tested positive for Fluphenazine, the claims asserted in those causes of action accrued for statute of limitations purposes at the latest on August 18, 2004, the day the rule was promulgated, which was more than four months before this proceeding was commenced (State Administrative Procedure Act § 202 [8]; CPLR 217 [1]; *see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]). The Racing Board is not equitably estopped from asserting the statute of limitations, because petitioners have not established that they were induced by fraud, misrepresentations or deception to refrain from filing a timely action (*see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]).

The third cause of action is not time-barred, however, because

it alleges constitutional infirmities in the manner in which the rule was enforced, not in how it was enacted, and was brought within four months of its accrual on the date petitioners were informed that the horses had tested positive. Nor is this cause of action premature. Insofar as the determination that the horses tested positive directs petitioners to return the purse monies and not race the horses until they are retested, its effect is certain and it constitutes a final determination (*see Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]). Furthermore, the Racing Board does not identify any steps that petitioners could have taken administratively to challenge the denial of their due process right to a hearing.

The court correctly declined to dismiss the proceeding for failure to join necessary parties. While the owners of other horses who ran in the races from which petitioners' horses were disqualified may have had a material interest in the disposition of the escrowed purse money, such disposition was not the subject matter of the petition (*see generally Matter of Martin v Ronan*, 47 NY2d 486, 490 [1979]). Nor is there any indication that those owners consider themselves aggrieved by the manner in which the emergency rules were enacted or by the failure of the Racing Board to afford petitioners a hearing, so that they can be said to have a due process right to be heard in this proceeding (*id.*).

Finally, if petitioners prevail against the Racing Board, they may be entitled to recover their forfeited purse and claiming fees lost as a result of the disqualification as incidental damages (*see Pauk v Board of Trustees of City Univ. of N.Y.*, 111 AD2d 17, 21 [1985], *affd* 68 NY2d 702 [1986]). Accordingly, Supreme Court is directed to consider petitioners' request for such damages in the event they prevail. Concur—Mazzarelli, J.P., Andrias, Buckley, Sweeny and McGuire, JJ. [*See* 11 Misc 3d 1068(A), 2006 NY Slip Op 50433(U).]