*974 OPINION OF THE COURT
Barbara Howe, J.
On February 8, 1996, decedent Colin S. Gould established a custodial account pursuant to the Uniform Gifts to Minors Act (hereafter, UGMA),[1] for the benefit of his grandson, Brandon. Decedent’s wife, Susan Gould, was designated in the initial documents as successor custodian on the account. When decedent died on December 4, 1998, Susan became the successor custodian (see EPTL 7-6.18 [b]).
This petition was filed on December 18, 2008, and in it Brandon states that he became 21 years old on February 9, 2008. Brandon seeks to compel Susan, as successor custodian, to render an accounting of his UGMA fund. He alleges that the 2006 annual statement for the account shows a redemption on May 30, 2006, of $4,889.92, leaving a zero balance in the fund. No wrongdoing by Susan is alleged in the petition,[2] and Brandon’s only claim is that he is entitled to an accounting of what happened to his money. Susan contends that this court has no jurisdiction over this proceeding, and both she and Brandon have each submitted a legal memorandum on this issue.
EPTL 7-6.19 provides that a minor who has reached the age of 14, a legal representative of the minor, an adult member of the minor’s family, a donor or the donor’s legal representative, may petition the court to compel an accounting by the custodian of an account such as the one at issue here. However, EPTL 7-6.1 (k) defines a “minor” as an individual who has not attained the age of 21, and EPTL 7-6.1 (d) defines the “court” as either “the supreme court or the surrogate’s court having jurisdiction over the minor” (emphasis added). Because Brandon was *975 over the age of 21 when he filed his petition, this proceeding falls outside the purview of EPTL 7-6.19.[3]
Brandon also suggests in his memorandum of law that Susan, who was appointed voluntary administrator of decedent’s estate in March 1999, is required to account in her estate fiduciary capacity “for all personal property including custodial accounts.” Susan, on the other hand, argues that, because Brandon does not take under decedent’s will and is not a distributee of the estate, he is not entitled to an estate accounting. She also contends that the custodial account is not an asset of, and does not pass through, decedent’s estate.
Although this court has broad jurisdiction over all matters which relate to a decedent’s estate (see Matter of Piccione, 57 NY2d 278 [1982]), it has no jurisdiction over a dispute unrelated to the administration of an estate which involves only living parties (id.). As the Appellate Division, Second Department, said in Matter of Lainez (79 AD2d 78, 80 [1981], affd 55 NY2d 657 [1981]): “the power of the Surrogate’s Courts relates to matters affecting estates of decedents and not to independent matters involving controversies between living persons.”
This matter in no way affects the affairs of decedent or the administration of his estate (see e.g. Matter of Piccillo, 19 AD3d 1087 [2005]), and I find no basis to direct an accounting from Susan as voluntary administrator of decedent’s estate. The assets of the custodial account did not pass through decedent’s estate, and they vested in Brandon either on February 9, 2005, or, at the latest, on February 9, 2008. Moreover, the event at issue concerning this account — namely, the withdrawal of all the funds from the account on May 30, 2006 — occurred well over six years after decedent’s death (and thus has no bearing whatsoever on the estate).
Brandon, of course, is not bereft of remedies merely because a proceeding does not lie under EPTL 7-6.19 or as an estate accounting matter. If his claim is one for conversion, as his memorandum of law suggests, or for a common-law accounting, he can bring such an action in a court of competent ju *976 risdiction. Neither such claim, however, may be maintained in this court.
Accordingly, the petition must be, and it hereby is, dismissed, without prejudice to any action Brandon may hereafter bring in a court of competent jurisdiction.

. UGMA, contained in EPTL article 7, part 4, was repealed in 1997 and replaced by the Uniform Transfers to Minors Act (hereafter, UTMA) (see EPTL, art 7, part 6). Accounts for minors established prior to January 1, 1997, and still in effect on and after that date, are construed pursuant to UTMA provisions (EPTL 7-6.1 et seq.), except as otherwise specified in the statute (see EPTL 7-6.22, 7-6.23), such as when a person’s status as a “minor” terminates (EPTL 7-6.22 [b]) (18 years of age under UGMA, 21 years of age under UTMA).

. In his memorandum of law, Brandon argues, “on information and belief,” that the “transfer of the custodial account [on May 30, 2006] was converted by Susan S. Gould to her personal use.” No sworn facts support this assertion, and the memorandum of law is not sworn to.

. Indeed, an argument might be made that, because Brandon ceased to be a “minor” at age 18 under this UGMA account, Brandon’s time to bring an accounting proceeding pursuant to EPTL 7-6.19 ended on February 9, 2005 (his eighteenth birthday).