# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1107**

**CA 13-01911**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF THE ESTATE OF ANTHONY J. THOMAS, DECEASED.

----------------------------------------------------

IN THE MATTER OF THE ESTATE OF DOROTHY THOMAS,     MEMORANDUM AND ORDER
DECEASED.

----------------------------------------------------

JOSEPH M. THOMAS AND GLORIA M. BORRELLI, PETITIONERS-APPELLANTS;

TOM J. THOMAS, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

BOND, SCHOENECK & KING, PLLC, ROCHESTER (JONATHAN B. FELLOWS OF COUNSEL), FOR PETITIONERS-APPELLANTS.

ADAMS BELL ADAMS, P.C., ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered July 22, 2013. The order granted respondent's motion to dismiss the petition in part.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of respondent's motion to dismiss the claim for the imposition of a constructive trust with respect to stock in the New York State Fence Company and reinstating that claim and as modified the order is affirmed without costs.

Memorandum: Petitioners, nonparty Daniel J. Thomas (Daniel), and respondent are the four children of Anthony J. Thomas and Dorothy Thomas (collectively, decedents), who died in April 2012 and August 2012, respectively. Petitioners, Daniel and respondent are named in decedents' wills as, inter alia, beneficiaries of either their residuary estates or a trust that is itself a beneficiary of the residuary estate. Respondent was the named executor under both wills, and he was also appointed as trustee to numerous trusts created by decedents' wills. The wills were admitted to probate and letters testamentary were issued to respondent.

In March 2013, petitioners commenced this proceeding challenging numerous real estate transactions between respondent and decedents. According to petitioners, respondent "exploited his close relationship with [decedents] by inducing them to transfer to him certain

properties they owned, with the promise of payment for, and/or re-conveyance of, the parcels to [decedents] and/or his siblings." Inasmuch as respondent never paid for the parcels or reconveyed them to decedents or his siblings, petitioners sought to impose a constructive trust, inter alia, on monies received by respondent or entities controlled by him related to the sale of property on North Greece Road (NGR property), and on the Manitou Road property and any monies received by respondent or entities controlled by him related to a lease on that property.

Petitioners also challenged respondent's failure to identify any shares of New York State Fence Company (NYSFC) as being included within the assets of decedents' estates. According to respondent, he was the sole shareholder of NYSFC, a company founded by decedent Anthony J. Thomas in 1958 and incorporated in 1977. Due to the fact that respondent had failed to produce any records reflecting the transfer of NYSFC stock from Anthony to respondent or any records reflecting respondent's payments for the stock, petitioners contended that a constructive trust should be imposed on "all stock certificates in NYSFC owned by Anthony."

In addition to seeking the imposition of a constructive trust, petitioners also sought, inter alia, a partial distribution pursuant to SCPA 2102 (5), information pursuant to SCPA 2102 (1), an accounting pursuant to SCPA 2205 and revocation of letters granted to respondent pursuant to SCPA 711 (1) and (2). After filing his answer, respondent moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the petition insofar as it sought relief pertaining to the real property and respondent's ownership of stock in NYSFC. Respondent contended that any claims for relief pertaining to the real property and corporate stock of NYSFC were time-barred and that the petition failed to state a cause of action for relief related thereto.

In appeal No. 1, petitioners appeal from the order of Surrogate's Court (Calvaruso, S.) granting that motion. In appeal No. 2, petitioners appeal from a subsequent order of Surrogate's Court (Owens, A.S.) directing that they may not inquire of the executor or otherwise obtain disclosure concerning the NYSFC stock or the finances or affairs of that company. We now modify the order in appeal No. 1 by denying respondent's motion in part, and we reverse the order in appeal No. 2.

We agree with petitioners that the petition sufficiently states a cause of action for a constructive trust with respect to the NGR property, the Manitou Road property and NYSFC stock. "On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . We accept the facts as alleged in the [petition] as true, accord [the petitioners] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . In assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the [petitioner] to remedy any defects in the [petition] . . . and 'the criterion is whether the proponent of the

pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez*, 84 NY2d 83, 87-88; *see Lawrence v Graubard Miller*, 11 NY3d 588, 595).

"[I]t is well settled that [a] constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest . . . In order to invoke the court's equity powers, [a petitioner] must show a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, a breach of the promise, and [the respondent's] unjust enrichment . . . Inasmuch as a constructive trust is an equitable remedy, however, courts do not rigidly apply the elements but use them as flexible guidelines . . . In this flexible spirit, the promise need not be express, but may be implied based on the circumstances of the relationship and the nature of the transaction" (*Beason v Kleine*, 96 AD3d 1611, 1613 [internal quotation marks omitted]; *see generally Sharp v Kosmalski*, 40 NY2d 119, 121-122; *Moak v Raynor*, 28 AD3d 900, 902).

The facts as alleged in the petition and set forth in the corresponding affidavits establish the existence of a confidential and fiduciary relationship between respondent and decedents. The facts with respect to the NGR and Manitou Road properties establish that respondent promised to pay decedents for the NGR property and to reconvey the Manitou Road property to decedents after it was subdivided by respondent. The petition further alleges that the properties were transferred to respondent as a result of those promises, and that respondent breached those promises and was thereby unjustly enriched.

With respect to the NYSFC stock, the petition and corresponding affidavits allege that Anthony believed, until the day that he died, that he still owned the company and that respondent had made promises to "allow all of [decedents'] children to share in NYSFC." While the allegations of an express promise are lacking, "[e]ven without an express promise, . . . courts of equity have imposed a constructive trust upon property transferred in reliance upon a confidential relationship. In such a situation, a promise may be implied or inferred from the very transaction itself. As Judge Cardozo so eloquently observed: 'Though a promise in words was lacking, the whole transaction, it might be found, was "instinct with an obligation" imperfectly expressed' " (*Sharp*, 40 NY2d at 122). Based on the circumstances of the relationship between respondent and decedents and the nature of their multiple transactions, we conclude that there are sufficient facts from which we can conclude that there was an implied promise made by respondent to decedents; that the transfer of stock, if indeed there was a transfer, was made in reliance upon that promise; and that the promise was thereafter broken, resulting in an unjust enrichment to respondent.

We reject respondent's contentions that CPLR 4519 precludes us from considering the statements of Dorothy Thomas to her accountant and to Anthony's sisters, all of which lend support to the allegations that respondent made certain promises to decedents related to the

property and stock.  That statute precludes a party, an interested person or a person "from, through or under whom" a party or an interested person derives his or her interest from being examined as a witness concerning personal transactions or communications between the witness and the deceased person (CPLR 4519).  The accountant and Anthony's sisters are not parties, persons interested in the event or persons "from, through or under whom" petitioners derive their interest (*id.*).  In any event, any issue concerning the admissibility of statements under CPLR 4519 "is premature at this time, as its bar is not operative until trial" (*Hagerman v Hagerman*, 21 Misc 3d 1142[A], 2008 NY Slip Op 52481[U] [Sup Ct, Nassau County 2008], *3; *see generally Phillips v Kantor & Co.*, 31 NY2d 307, 313-315).  That is the case because the issue whether petitioners "can ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19; *see Cohn v Lionel Corp.*, 21 NY2d 559, 562).

    Even if we were to assume, arguendo, that the petition fails to allege facts sufficient to support one of the elements of a constructive trust, we note that those elements " 'serve only as a guideline, [and] a constructive trust may still be imposed even if all of the elements are not established' " (*Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691).  We thus conclude that the Surrogate in appeal No. 1 erred in concluding that the petition "fails to state a cause of action upon which the relief of the imposition of a constructive trust can be granted."

    Petitioners further contend that the Surrogate in appeal No. 1 erred in concluding that their claims for a constructive trust were time-barred.  We agree in part.  Addressing first the claims related to the NYSFC stock, we conclude that the Surrogate erred in granting that part of respondent's motion to dismiss, as time-barred, the claim for a constructive trust related to the stock.  We therefore modify the order in appeal No. 1 accordingly, and we reverse the order in appeal No. 2, which denied petitioners the right to any SCPA 2221 examination or disclosure concerning the NYSFC stock.  "The equitable claim for the imposition of a constructive trust is governed by the six-year [s]tatute of [l]imitations of CPLR 213 (1) . . . , which begins to run at the time of the wrongful conduct or event giving rise to a duty of restitution . . . A determination of when the wrongful act triggering the running of the [s]tatute of [l]imitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition . . . , or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (*Maric Piping v Maric*, 271 AD2d 507, 508 [internal quotation marks omitted]; *see Tampa v Delacruz*, 77 AD3d 910, 911).  Petitioners contend that, if respondent in fact owns all of the NYSFC stock as he claims, then he acquired it based on a promise, express or implied, that he would share that stock with his siblings upon the death of decedents.  That promise was thus not breached until 2012, when decedents died and respondent failed to share that stock with his

siblings.  Inasmuch as this proceeding was commenced in 2013, the claim for a constructive trust over the NYSFC stock therefore is not time-barred.

With respect to the NGR and Manitou Road properties, however, we conclude that the Surrogate in appeal No. 1 properly determined that the claims for the imposition of a constructive trust related to those properties are time-barred and thus properly granted respondent's motion to that extent.  Affording the pleadings the most liberal construction, we conclude that the statute of limitations began to run with respect to the NGR property sometime between 1989 and 1992, which is when the promised payments for the property were due and owing.  The six-year statute of limitations thus expired, at the latest, in 1998, which is 15 years before this proceeding was commenced.  With respect to the Manitou Road property, petitioners alleged that respondent had promised to reconvey the property to decedents following the subdivision of the property, which occurred in 1994 and again in 1998.  The six-year statute of limitations thus expired, at the latest, in 2004, which is nine years before this proceeding was commenced.

While petitioners contend that they may seek the imposition of a constructive trust with respect to the NGR and Manitou Road properties as an equitable remedy for other causes of action, that contention lacks merit.  "[A]n equitable remedy, such as the imposition of a constructive trust sought by [petitioners], is not available to enforce a legal right that is itself barred by the statute of limitations" (*Benedict v Whitman Breed Abbott & Morgan*, 77 AD3d 867, 869, *lv denied* 16 NY3d 706; *see MRI Broadway Rental v United States Min. Prods. Co.*, 242 AD2d 440, 444, *affd* 92 NY2d 421).  Here, the legal right to enforce the promises related to the real property is barred by the statute of limitations and, therefore, petitioners cannot seek the equitable remedy of a constructive trust to enforce that time-barred legal right.

Petitioners contend that respondent should be equitably estopped from asserting the statute of limitations as a defense.  We reject that contention insofar as it applies to the NGR and Manitou Road properties.  There are two distinct theories of equitable estoppel (*compare Matter of Gill v New York State Racing & Wagering Bd.*, 50 AD3d 494, 495, *with Matter of Watson*, 8 AD3d 1092, 1094).  According to the first theory, equitable estoppel precludes a party from asserting the statute of limitations as a defense where the party commencing the action or proceeding was "induced by fraud, misrepresentations or deception to refrain from filing a timely [petition]" (*Gill*, 50 AD3d at 495; *see Mitchell v Nassau Community Coll.*, 265 AD2d 456, 457; *see generally Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553).  The second theory of equitable estoppel provides that, "[w]here . . . a fiduciary relationship exists and there are colorable allegations of concealment, the doctrine of equitable estoppel may apply to toll the statute of limitations" (*Watson*, 8 AD3d at 1094; *see Matter of Piccillo*, 19 AD3d 1087, 1089).

In support of their contention that respondent should be

equitably estopped from asserting the statute of limitations as a defense to the claims concerning the NGR and Manitou Road properties, petitioners alleged that, when decedents reminded respondent of his obligations to repay them or to reconvey the property, respondent made oral promises to pay them or to reconvey the property to them in the future.  Inasmuch as petitioners are the beneficiaries of decedents' estates, petitioners contend that those promises to decedents equitably estop respondent from asserting the statute of limitations defense against petitioners.  Mere promises to pay in the future, however, are insufficient to support a theory of equitable estoppel where, as here, "[t]here is no evidence that the . . . promises to pay were intended to lull [decedents] into inactivity until after the expiration of the [s]tatute of [l]imitations" (*Erlichman v Ventura*, 271 AD2d 481, 481; *see Joseph Gaier, P.C. v Iveli*, 287 AD2d 375, 375; *Donahue-Halverson, Inc. v Wissing Constr. & Bldg. Servs. Corp.*, 95 AD2d 953, 954; *see also Baratta v Kozlowski*, 94 AD2d 454, 457). Petitioners made no allegations related to the second theory of estoppel insofar as it concerns the real properties.

In light of our determination that the statute of limitations has not expired with respect to the claim for a constructive trust on the NYSFC stock, we do not address petitioners' equitable estoppel claims related thereto.

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court