Jeanne Allyn SMITH,
Plaintiff-Appellant,

v.

Franklin Karl SMITH,
Defendant-Appellee.

No. 1333, Docket 86–7993.

United States Court of Appeals,
Second Circuit.

Argued June 25, 1987.

Decided Sept. 30, 1987.

Alan D. Rosenfeld, Marshfield, Vt., for plaintiff-appellant.

Anthony C. Ben, Lockport, N.Y., for defendant-appellee.

Before VAN GRAAFEILAND, CARDAMONE and PIERCE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Jeanne Allyn Smith appeals from a summary judgment of the United States District Court for the Western District of New York (Elfvin, J.) dismissing her complaint as time-barred. Appellant argues on appeal that the district court erred in rejecting her contention that appellee was equitably estopped from relying on the New York statute of limitations. Because we agree with the district court that, under New York law, the doctrine of equitable estoppel is inapplicable to this case, we affirm.

■ Appellant instituted this action in 1985 against her father, Franklin Smith, alleging that he had sexually abused her repeatedly until 1965, when she was twelve years old. Although New York's one-year statute of limitations for intentional torts, CPLR § 215, may be tolled during a complainant's infancy, CPLR § 208, the extended limitation period under this tolling statute had expired long before this action was commenced. While section 208 also provides for a limited period of tolling based on insanity, this is of no help to appellant because she was not insane within the meaning of that statute. In the opinion of her proposed medical and psychology experts, appellant was suffering from a post-traumatic stress disorder which caused her to repress her memories of the incestuous occurrences of her childhood and disabled her from instituting litigation which might stimulate a traumatic recall of the childhood events. However, section 208 does not apply to a person "claiming a mere post traumatic neurosis." *McCarthy v. Volkswagen of America, Inc.*, 55 N.Y.2d 543, 549; 450 N.Y.S.2d 457; 435 N.E.2d 1072 (1982). It applies only to those "who are unable to protect their legal rights because of an over-all inability to function in society." *Id.* at 548. *See also Dumas v. Agency for Child Development-New York City Head Start*, 569 F.Supp. 831 (S.D.N.Y. 1983). Appellant does not fall within this category. Moreover, as appellant concedes, the insanity tolling provisions of section 208, even if applicable, would not have extended her right to sue until 1985, when she was thirty-two years of age.

■ Although the allegations in appellant's complaint, if true, would elicit a sympathetic response from all but the most hard-hearted, they are not sufficient to invoke the doctrine of equitable estoppel. "The elements of estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. The party asserting estoppel must show with respect to himself: (1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in his position...." *Airco Alloys Div., Airco Inc. v. Niagara Mohawk Power Corp.*, 76 A.D.2d 68, 81–82, 430 N.Y.S.2d 179 (1980). *See State of New York Higher Educ. Servs. Corp. v. Zamore*, 59 N.Y.2d 933, 934–35, 466 N.Y.S.2d 297, 453 N.E.2d 526 (1983) *(mem.); Pagel, Horton & Co. v. Harmon Paper Co.*, 236 A.D. 47, 54, 258 N.Y.S. 168 (1932); 31 C.J.S. *Estoppel* § 59, at 367. In urging the application of this doctrine, appellant does not rely on the customary grounds of fraudulent concealment of injury, *Simcuski v. Saeli*, 44 N.Y.2d 442, 448–49, 406 N.Y.S.2d 259, 377 N.E.2d 259 (1978), or fraudulent inducement to refrain from suit, *Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235, 79 S.Ct. 760, 763, 3 L.Ed.2d 770 (1959). Appellant concedes she was aware that she had been sexually abused and that the abuse had caused her harm. In view of the fact that appellant's father was arrested in 1963 and confined for a time to a mental hospital because of the very acts of which appellant

now complains, she could hardly avoid this concession.

Appellant's basic contention is that, because of the traumatic emotional and psychiatric effect suit would have on her, she was in effect precluded from bringing suit. This post-traumatic neurosis, as its name implies, was an unintended consequence of the assaults for which she now seeks damages. It did not result from a separate and independent wrong. *See Tulloch v. Haselo*, 218 A.D. 313, 315–17, 218 N.Y.S. 139 (1926). The doctrine of equitable estoppel usually comes into play when some conduct by a defendant after his initial wrongdoing has prevented the plaintiff from discovering or suing upon the initial wrong. *See Gieringer v. Silverman*, 731 F.2d 1272, 1278 (7th Cir.1984). Such proof is completely lacking in the instant case. Because appellant has failed to disclose any additional acts by appellee that were designed to place appellant's claim outside the limitation period, she has not made out a case of equitable estoppel under New York law.

The judgment of the district court is affirmed without costs to either party.