◼ ANGELA G. HETELEKIDES, as Administratrix of the Estate of DOROTHEA GITSIS, Deceased, Respondent, v FORD MOTOR COMPANY, Appellant. [750 NYS2d 404] —Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered February 5, 2002, which denied defendant's motion for partial summary judgment dismissing the wrongful death cause of action and breach of warranty claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the wrongful death cause of action and breach of warranty claim are dismissed.

Memorandum: Plaintiff commenced this action asserting causes of action for products liability, strict liability and breach of warranty, negligence, and wrongful death arising from the death of plaintiff's decedent in a one-vehicle accident. According to plaintiff, the accident was caused when the vehicle owned and driven by plaintiff's decedent accelerated uncontrollably because of a defective cruise control device. Defendant moved for partial summary judgment dismissing the wrongful death cause of action and breach of warranty claim as time-barred, and plaintiff argued in opposition that defendant is equitably estopped from relying on the affirmative defense of the statute of limitations. Supreme Court agreed with plaintiff and denied the motion. That was error. "[A] defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 448-449; *see Matter of Steyer*, 70 NY2d 990, 992-993). "Where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing a timely action, the plaintiff must demonstrate a fiduciary relationship * * * which gave the defendant an obligation to inform him or her of facts underlying the claim" (*Gleason v Spota*, 194 AD2d 764, 765; *see Niagara Mohawk Power Corp. v Freed*, 288 AD2d 818, 819). Here, plaintiff alleges concealment without an actual misrepresentation, and thus equitable estoppel does not apply because there was no fiduciary relationship between the parties (*see Niagara Mohawk Power Corp.*, 288 AD2d at 819; *Jordan v Ford Motor Co.*, 73 AD2d 422, 424; *see also Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1062; *East Midtown Plaza Hous. Co. v City of New*

*York,* 218 AD2d 628, 629). Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.