Robert HOLMES, Plaintiff,

v.

Ernest LORCH and Riverside Church, Defendants.

No. 03CIV.4616(LTS)(THK).

United States District Court, S.D. New York.

Aug. 10, 2004.

Lawrence W. Luttrell, Esq., Atlantic Highlands, NJ, for Plaintiff.

Frederick H. Cohn, Esq., New York City, for Defendant Ernest Lorch.

Forsythe, Patton, Ellis, Lipsett & Savage, By Frank Patton, Jr., Esq., New York City, for Defendant Riverside Church.

## OPINION AND ORDER

SWAIN, District Judge.

This diversity action comes before the Court on the motions of Defendants Ernest Lorch ("Lorch") and Riverside Church ("Riverside") to dismiss the original Complaint, which, to the extent they have not already been resolved,[1] have been converted by the Court into motions for summary judgment pursuant to the last sentence of Rule 12(b) of the Federal Rules of Civil Procedure. The summary judgment motions are currently directed to the Amended Complaint, which was filed on January 7, 2004. Plaintiff Robert Holmes ("Holmes") opposes Defendants' motions in their entirety and, in the alternative, moves pursuant to Rule 56(f) for a continuance of those motions pending the opportunity to conduct discovery.

For the following reasons, Lorch's motion for summary judgment is denied in part and continued in part, and Riverside's motion for summary judgment is granted in its entirety.

## PROCEDURAL HISTORY

Plaintiff Holmes filed his original ten-count Complaint in this diversity case on April 28, 2003, asserting claims of assault and battery, breach of fiduciary duty, intentional infliction of emotional distress, fraud and negligence against Defendant Lorch, and claims of negligent hiring, retention and supervision against Defendant Riverside Church. The claims arose from Lorch's alleged sexual abuse of Holmes between 1980 and 1983 while Lorch was

the director of and a coach in the Riverside Church Youth Basketball Program, and Holmes was a participant in that program. Defendant Lorch moved to dismiss the original Complaint on multiple grounds, including insufficiency of process, statute of limitations, and failure to state a cause of action for breach of fiduciary duty and breach of contract. Defendant Riverside also moved to dismiss the original Complaint on statute of limitations and service of process grounds.

On December 3, 2003, the Court issued an Order denying without prejudice Lorch's motion to the extent it sought dismissal of the Complaint on grounds of insufficiency of process, granting Lorch's motion with leave to replead to the extent it sought dismissal of the breach of contract claim in Count Five for failure to state a claim upon which relief can be granted, dismissing *sua sponte*, with leave to replead, the fraud claim in Count Four for failure to plead fraud with particularity pursuant to Rule 9(b) and, pursuant to the last sentence of Rule 12(b), converting the remainder of Lorch's motion to dismiss to a motion for summary judgment. The Court also denied without prejudice Riverside's motion to the extent it sought dismissal of the Complaint for insufficiency of process and converted Riverside's motion to a motion for summary judgment to the extent it sought dismissal on statute of limitations grounds. The Court directed Plaintiff to file and serve an amended complaint. The motions were deemed directed to the amended complaint, and the parties were given additional time to file and serve supplementary argumentative and evidentiary submissions in connection with the motions.

---

**1.** The Court's prior rulings with respect to the instant motion practice are summarized be-

low.

On January 7, 2004, Holmes filed a ten-count Amended Complaint. Holmes abandoned the fraud claim and included causes of action for assault and battery, breach of fiduciary duty, intentional infliction of emotional distress, breach of contract and negligence. As to Riverside, Holmes again included claims of negligent hiring, retention and supervision.

Lorch now moves, on statute of limitations grounds, for summary judgment with respect to Plaintiff's assault and battery, breach of fiduciary duty and intentional infliction of emotional distress claims. Lorch also moves for summary judgment on Plaintiff's breach of fiduciary duty and promissory estoppel/breach of contract claims, arguing that Holmes has failed to proffer sufficient evidence to create a genuine issue of material fact as to any of those causes of action. Riverside moves for summary judgment with respect to Holmes's assault and battery, breach of fiduciary duty, intentional infliction of emotional distress, negligent hiring, negligent retention and negligent supervision claims on statute of limitations grounds. Riverside also moves for summary judgment with respect to the assault and battery, breach of fiduciary duty, intentional infliction of emotional distress, equitable estoppel and promissory estoppel/breach of contract claims, on the ground that Lorch's actions cannot be imputed to Riverside under the laws of agency.

## BACKGROUND [2]

Plaintiff Holmes was born in 1968. He participated in the Riverside Church Youth Basketball Program from 1980–1983. (2/20/04 Affidavit of Robert Holmes ("Holmes Aff.") at ¶ 2; Amended Complaint at 1.) The program is sponsored by Riverside and consists of various teams divided into different age groups. The youths involved in the program compete regularly in both local and national tournaments. Defendant Lorch served as the program's director and also acted as a volunteer coach during the time that Plaintiff participated in the program. (Id. at ¶ 3.)

Holmes alleges that Defendant Lorch sexually abused Holmes on multiple occasions during the years in which Holmes was a participant in the Riverside basketball program. (Amended Complaint at 2–3; Holmes Aff. at ¶ 8.) According to Holmes, the abuse took place both at Lorch's private residence and on Riverside's property. (Holmes Aff. at ¶ 9.) Lorch denies ever having any sexual contact with Plaintiff. (Lorch Rule 56.1 Stmt. at ¶ 3.)

Holmes also contends that, during the period in which the abuse allegedly took place and at various intervals thereafter, Lorch promised Holmes that he would provide for Holmes financially for the rest of Holmes's life so long as Holmes continued to keep the sexual abuse a secret. (Amended Complaint at 3; Holmes Aff. at ¶ 11.) Lorch denies that such a promise was ever made. (Lorch Rule 56.1 Stmt. at ¶ 4.)

Holmes further contends that, for many years, Lorch lived up to his promise to provide financially for Holmes, and that from 1980 until Holmes began serving a prison term in 2000, Holmes and Lorch were very close, maintaining regular contact. (Holmes Aff. at ¶ 23.) Holmes alleges that, during Holmes's childhood, Lorch furnished him with whatever items he requested, including new sneakers and money to buy food and clothing. (Id. at ¶ 13.) When Holmes became an adult, Lorch allegedly continued to provide for Holmes,

---

2. The facts detailed herein are undisputed except where characterized otherwise.

paying for Holmes's books at college and giving Holmes and his family money for rent whenever they requested it. (*Id.* at ¶ 14.) Beginning in 1996, Lorch allegedly began furnishing even larger sums of money to Holmes and his family upon request. Lorch allegedly gave Holmes's mother $25,000 in cash sometime in 1996. (*Id.* at ¶ 17.) Between 1996 and 1999, Holmes allegedly gave approximately $2,000,000 for Plaintiff's benefit, including money bestowed upon Plaintiff's mother, cousin, common-law wife and friends. (*Id.* at ¶ 18.) Holmes further alleges that Lorch gave money to other third parties for Holmes's benefit, including auto dealers, landlords, attorneys, doctors, hospitals and business associates of Holmes's record label business. (*Id.* at ¶ 19.) Holmes also contends that between 1997 and 1999, Lorch gave him $2,000,000 with no strings attached as an investment in Holmes's record label. (*Id.* at ¶ 20; Exh. A. to Holmes Aff. at 326.) Lorch, however, asserts that he cannot recall having any contact with Plaintiff between 1983 and 1997. (1/26/04 Affidavit of Ernest Lorch ("Lorch Aff.") at ¶ 3.)

Holmes further contends that Lorch stopped providing for him after Holmes entered prison in 2000. (Holmes Aff. at ¶ 24.) Holmes also alleges that Lorch promised Holmes, after Holmes entered prison, that Lorch would both give rent money to Holmes's common law wife and contribute funds to the operation of Holmes's record label business. (*Id.* at ¶ 25.) Holmes also asserts that Lorch promised him that, while he was incarcerated, Lorch would handle his business affairs and meet with a recording studio executive interested in doing business with Holmes's record label. (*Id.*) According to Holmes, Lorch never followed through on these promises and eventually stopped all communications with Holmes. (Holmes Aff. at ¶ 27.)

 Holmes also alleges, in a supplemental affidavit, dated February 26, 2004,[3] that Lorch reassured Holmes during a telephone conversation which took place sometime between January 1, 2002, and April 29, 2002, that Lorch was not breaking his promise to provide financially for Holmes, and that he would provide Holmes money for legal fees incurred in connection with Holmes's appeal of his conviction for being a felon in possession of a weapon. (Holmes Supp. Aff. at ¶¶ 4–7.)

---

**3.** Upon receiving Plaintiff's supplemental affidavit and the accompanying affirmation of counsel, which were not timely filed, the Court issued an order notifying the parties that it would construe the affirmation as an application for consideration of Plaintiff's supplemental affidavit. Courts are empowered to grant extensions of time in purely procedural matters upon a showing of "excusable neglect" pursuant to Fed.R.Civ.P. 6(b). Excusable neglect is an "elastic concept," which "may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness." *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir.1998). The concept is also "broad enough to encompass even those omissions caused by circumstances within movant's control," although "a movant must show good faith and a reasonable basis for noncompliance." *Id.*

The Court has reviewed thoroughly the above-mentioned affirmation of counsel and finds that Plaintiff has demonstrated that his failure to timely file the supplemental affidavit was the result of logistical impediments and communication-related difficulties arising from circumstances related to Plaintiff's incarceration. The Court concludes therefore that Plaintiff has demonstrated a reasonable basis for his noncompliance, and that he acted in good faith. Plaintiff thus has satisfied the standard for excusable neglect under Rule 6(b), and, accordingly, the Court will consider Plaintiff's supplemental affidavit in connection with its efforts to resolve the instant motions.

## DISCUSSION

### Summary Judgment Standard

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is on the moving party to show that no genuine issue exists as to any material fact. *Gallo v. Prudential Residential Servs., Limited Partnership*, 22 F.3d 1219, 1223 (2d Cir.1994). "A factual issue is genuine if it can reasonably be resolved in favor of either party," and "[a] fact is material if it can affect the outcome of the action based on the governing law." *Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc.*, 310 F.Supp.2d 592, 602 (S.D.N.Y. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). If the moving party meets its burden, the burden then shifts to the non-moving party to proffer facts sufficient to establish that there is a genuine issue for trial. *Siederbaum v. City of New York*, 309 F.Supp.2d 618, 620 (S.D.N.Y.2004); Fed.R.Civ.P. 56(e). "To defeat a motion for summary judgment, the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Consolidated Edison*, 310 F.Supp.2d at 602–03 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "The nonmoving party must produce evidence in the record and 'may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible.'" *Siederbaum*, 309 F.Supp.2d at 620–21 (quoting *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir.1993)). In deciding whether to grant a motion for summary judgment, a court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Gallo*, 22 F.3d at 1223.

### Defendant Lorch's Motion

#### Statute of Limitations

■ Defendant Lorch contends that Plaintiff's first, second and third causes of action, for assault and battery, breach of fiduciary duty and intentional infliction of emotional distress, respectively, should be dismissed because each is barred by the applicable statute of limitations. The parties agree that, under New York law, the statute of limitations with respect to each of the three above-referenced claims is one year. *See Acosta v. Loews Corp.*, 276 A.D.2d 214, 717 N.Y.S.2d 47, 50 (1st Dep't 2000); N.Y. C.P.L.R. § 215(3) (McKinney 2003) (assault and battery); *Kwarren v. American Airlines*, 303 A.D.2d 722, 757 N.Y.S.2d 105, 106 (2d Dep't 2003); (intentional infliction of emotional distress); *Adams Book Co. v. Ney*, No. 97 CV 4418(ILG), 2002 WL 31946713, at *4 n. 7 (E.D.N.Y. Dec. 3, 2002) (although a claim for breach of fiduciary duty seeking money damages is normally considered one for injury to property and governed by a three-year statute of limitations, "some courts have applied a shorter statute of limitations where the breach of fiduciary duty in essence sounds under another claim," i.e., a one-year statute of limitations has been applied to a claim for breach of fiduciary duty based on sexual assault).

It is undisputed that the events allegedly giving rise to Plaintiff's first three causes of action took place no later than 1983, when Plaintiff stopped participating in the Riverside Church Youth Basketball Program. The original Complaint in this case was filed on April 28, 2003. Thus, at least 19 years elapsed between the time

the conduct at issue in this case allegedly concluded and the date this action was commenced. Even accounting for the tolling of the statute of limitations during Plaintiff's infancy under N.Y. C.P.L.R. § 208 (McKinney 2003), *see Overall v. Klotz*, 846 F.Supp. 297, 300 (S.D.N.Y.1994), which would have ceased in 1986 when Plaintiff became 18 years old, it is clear that the statute of limitations on each of Plaintiff's first three claims has long since run.

Plaintiff contends, however, that Defendants should be barred from raising the statute of limitations defense on the basis of equitable estoppel. "The doctrine ... usually comes into play when some conduct by a defendant after his initial wrongdoing has prevented the plaintiff from discovering or suing upon the initial wrong." *Smith v. Smith*, 830 F.2d 11, 13 (2d Cir.1987). " 'The elements of estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts.' " *Id.* at 12 (quoting *Airco Alloys Div., Airco Inc. v. Niagara Mohawk Power Corp.*, 76 A.D.2d 68, 430 N.Y.S.2d 179 (1980)). The party asserting estoppel must show that he (1) lacked knowledge of the true facts; (2) relied upon the conduct of the party estopped; and (3) suffered a prejudicial change in his position as a result of the estopped party's conduct. *Id.* "On a motion for summary judgment, the burden is on the plaintiff to present facts which, if true, justify equitably estopping a defendant from asserting the statute of limitations." *Netzer v. Continuity Graphic Assocs. Inc.*, 963 F.Supp. 1308, 1316 (S.D.N.Y.1997) (internal quotation marks and citation omitted). Fraudulent concealment of injury and fraudulent inducement to refrain from suit are the two grounds upon which equitable estoppel is typically invoked. *Smith*, 830 F.2d at 13. Plaintiff relies exclusively on the latter ground, which has been described as follows:

> 'where the agreement, representations or conduct of a defendant have caused a plaintiff to delay suit on a known cause of action until the statute of limitations has run, the courts will apply the doctrine of estoppel to prevent an inequitable use by the defendant of the statute as a defense' .... If the defendant's representations or conduct mislead the [plaintiff] and the plaintiff fails to sue [based] on the representations or conduct, then a court may equitably estop use of the defense, even without there being existence of fraud or intent to deceive.

*Talarico v. Thomas Crimmins Contracting Co., Inc.*, No. 94 CIV. 0420(RPP), 1997 WL 30940, at *2 (S.D.N.Y. Jan. 27, 1997) (quoting *Robinson v. City of New York*, 24 A.D.2d 260, 265 N.Y.S.2d 566, 569–70 (1st Dep't 1965)); *see also* N.Y. Gen. Oblig. Law § 17–103 (McKinney 1989).

Plaintiff contends that Defendant Lorch made a promise sometime between 1980 and 1983 (and then repeated that promise at various intervals during Plaintiff's adult life) to provide financially for Plaintiff for the rest of Plaintiff's life so long as Plaintiff agreed to keep Lorch's alleged sexual abuse of Plaintiff a secret. (Holmes Aff. at ¶ 11.) Although Plaintiff represents that Lorch made good on this promise for many years, allegedly bestowing huge sums of money upon Plaintiff and Plaintiff's family and friends, Plaintiff has proffered evidence that Lorch eventually stopped providing financially for Plaintiff after Plaintiff became incarcerated in 2000. (*Id.* at ¶¶ 12–27.) Such evidence is sufficient to create a material issue of fact as to whether Lorch knowingly made a false

representation that he would provide for Plaintiff for the rest of Plaintiff's life with the intention of causing Plaintiff to refrain from filing a lawsuit within the applicable limitations period. Plaintiff has also proffered evidence that he expected, based on Lorch's representations both at the time of the alleged abuse and afterwards, that Lorch would provide for him for the rest of his life, and that he relied detrimentally on Lorch's promise by failing timely to file a lawsuit in connection with the alleged sexual abuse. (*Id.* at ¶¶ 12, 24.) On the basis of this evidence, the Court concludes that material issues of fact exist as to whether Lorch made representations and engaged in conduct which caused Plaintiff to delay filing suit beyond the limitations period. Accordingly, a reasonable factfinder could determine that Lorch is equitably estopped from asserting the statute of limitations defense with respect to Counts One, Two and Three of the Amended Complaint.

 Defendant Lorch contends that, even if the doctrine of equitable estoppel can reasonably be applied in this case. Lorch still should not be barred from asserting the statute of limitations defense because Plaintiff failed to file the instant lawsuit within a reasonable period of time after the cessation of the conduct giving rise to the estoppel.

> Where … the conduct relied on ceases to be operational after the expiration of the period of limitations … due diligence on the part of the plaintiff in bringing his action is an essential element for the applicability of the doctrine of equitable estoppel, to be demonstrated by the plaintiff when he seeks shelter under the doctrine…. Under this approach…. the burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts

giving rise to the estoppel have ceased to be operational.

*Simcuski v. Saeli,* 44 N.Y.2d 442, 450, 406 N.Y.S.2d 259, 377 N.E.2d 713 (1978). Whether a plaintiff has satisfied his responsibility of exercising due diligence in a particular case "must necessarily depend on all the relevant circumstances." *Id.* Courts have held that "in no event will the plaintiff be found to have exercised the required due diligence if his action is deferred beyond the date which would be marked by the reapplication of the statutory period." *Id.* at 450–51, 406 N.Y.S.2d 259, 377 N.E.2d 713. Thus, Plaintiff would have had at most one year from the time the facts giving rise to the estoppel ceased to bring the claims asserted in Counts One, Two and Three.

The parties differ in their respective positions regarding when the conduct giving rise to the estoppel ceased. Specifically, the parties disagree over when Plaintiff reasonably should have realized that Lorch no longer intended to make good on his promise(s) to provide financially for Plaintiff for the rest of Plaintiff's life. Lorch points to Plaintiff's own affidavit, which reads in pertinent part as follows:

> By relying on the original and subsequent promises of Ernest H. Lorch to financially provide for me in return for my silence, I never attempted to alert the police of the abuse or file a lawsuit against him for money *until he stopped providing for me after I entered prison in 2000.*

(Holmes Aff. at ¶ 25) (emphasis added.) Lorch asserts that this alleged stoppage of funding should have alerted Plaintiff to the fact that Lorch no longer intended to make good on his alleged promise(s) and therefore amounted to a cessation of the facts giving rise to the estoppel. According to Lorch's argument, Plaintiff would have had one year from the time Lorch stopped

providing financially for Plaintiff to bring the instant lawsuit. Since the stoppage of funding occurred sometime in 2000, and Plaintiff did not file his original Complaint until April 28, 2003, Lorch contends that Counts One, Two and Three are still barred by the one-year statute of limitations for those claims.

The Court finds, however, that Plaintiff has proffered evidence sufficient to create an issue of fact as to whether the conduct giving rise to the estoppel ended in 2000 when the funding stopped as Lorch contends, or whether the conduct actually ceased at a later date that would not have triggered the running of the statute of limitations. The conduct giving rise to the estoppel in this case was Lorch's alleged representation(s) that he would provide financially for Plaintiff for the rest of Plaintiff's life so long as Plaintiff did not reveal the alleged sexual abuse. Although Plaintiff concedes that the promised funding stopped sometime after Plaintiff entered prison in 2000. Plaintiff has proffered evidence that Lorch made representations to Plaintiff after Plaintiff entered prison that he would continue to provide money to Plaintiff's common-law wife for rent and to Plaintiff to sustain the operation of Plaintiff's business. (Holmes Aff. at ¶ 25.) Further, Plaintiff contends that Lorch specifically told Plaintiff during a telephone conversation that took place sometime between January 1, 2002 and April 29, 2002, that he was not breaking his promise to Plaintiff, and that he needed more time to provide Plaintiff money for legal fees in connection with Plaintiff's appeal. (Holmes Supp. Aff. at ¶¶ 4–7.) Thus, Plaintiff has proffered evidence which could lead a rational factfinder to conclude that Plaintiff could have reasonably believed until April 29, 2002, or later that Lorch still intended to provide financially for Plaintiff. A material issue of fact exists as to when the facts giving rise to the estoppel claim ceased to be operational, and therefore the question of whether Plaintiff acted with due diligence in filing his Complaint after those facts ceased to be operational cannot be resolved on summary judgment.

Accordingly, Lorch's motion for summary judgment is denied to the extent it seeks dismissal of Plaintiff's first, second and third causes of action (for assault and battery, breach of fiduciary duty and intentional infliction of emotional distress, respectively) on statute of limitations grounds.

*Breach of Fiduciary Duty*

 In Plaintiff's second cause of action, he asserts that Lorch breached a fiduciary duty to Plaintiff arising from Lorch's role as a coach and director of the Riverside Church Youth Basketball Program, in which Plaintiff was a participant. Defendant Lorch contends that Plaintiff's breach of fiduciary duty claim should be dismissed because Plaintiff has failed to proffer facts sufficient for a rational juror to conclude that a fiduciary relationship existed between the parties.

> Broadly stated, a fiduciary relationship is one founded upon trust or confidence reposed by one person in the integrity and fidelity of another. It is said that the relationship exists in all cases in which influence has been acquired and abused, in which confidence has been reposed and betrayed. The rule embraces both technical fiduciary relations and those *informal* relations which exist whenever one man trusts in, and relies upon, another ... Such a relationship might be found to exist, in appropriate circumstances, between close friends ... or even where confidence is based upon prior business dealings ....

*Penato v. George,* 52 A.D.2d 939, 383 N.Y.S.2d 900, 904–05 (2d Dep't 1976).

Plaintiff has proffered evidence sufficient to create a material issue of fact as to whether an informal fiduciary relationship existed between Plaintiff and Lorch. It is undisputed that Plaintiff was a participant in the Riverside Youth Basketball Program from 1980 until 1983. and that Lorch was both director of and a coach in the program during that period.[4] On the basis of these facts, a rational juror could conclude that Lorch exerted significant influence over Plaintiff, and that Plaintiff placed a level of trust and confidence in Lorch. Plaintiff has also proffered evidence that Lorch sexually abused Plaintiff during the relevant period. Thus, a rational factfinder could determine that Lorch abused his influence and Plaintiff's confidence in him by virtue of his alleged actions.

The Court therefore concludes that material issues of fact exist as to whether a fiduciary relationship existed between the parties. Accordingly, Defendant Lorch's motion for summary judgment is denied to the extent it seeks summary judgment on Plaintiff's claim for breach of fiduciary duty on the ground that no fiduciary relationship existed between the parties.

*Promissory Estoppel/Breach of Contract*

 In Plaintiff's fifth cause of action, he asserts that Lorch broke his oral promise, made on or about February 1, 2000, to run Plaintiff's business affairs and continue to support Plaintiff's record label business while Plaintiff was in jail, to the detriment of Plaintiff who had relied on the promise. Lorch contends that this cause of action should be dismissed on several grounds, namely, that Plaintiff has not proffered evidence that bargained-for consideration was provided for the promise, that enforcement of the oral promise is barred by the statute of frauds, and that the Complaint was amended in bad faith as to this cause of action.

 Promissory estoppel is "a rule applicable only in the absence of an enforceable contract." *Cyberchron Corp. v. Calldata Systems Development, Inc.*, 831 F.Supp. 94, 112 (E.D.N.Y.1993), *aff'd in relevant part*, 47 F.3d 39, 45 (2d Cir.1995). Under New York law, promissory estoppel has three elements: 1) a clear and unambiguous promise; 2) a reasonable and foreseeable reliance by the party to whom the promise is made; and 3) an injury sustained by the party asserting the estoppel as a result of his reliance. *Reprosystem, B.V. v. SCM Corp.*, 727 F.2d 257, 264 (2d Cir.1984) (citing *Ripple's of Clearview, Inc. v. Le Havre Assocs.*, 88 A.D.2d 120, 452 N.Y.S.2d 447. 449 (2d Dep't 1982)). Promissory estoppel may be invoked in two situations: 1) to allow for the enforcement of a promise in the absence of bargained-for consideration; and 2) to contravene the effect of the Statute of Frauds. *Merex A.G. v. Fairchild Weston Systems, Inc.*, 29 F.3d 821, 824 (2d Cir.1994).

 As to Lorch's contention that his alleged promise is unenforceable for lack of bargained-for consideration, as noted above, evidence of bargained-for consideration would not be necessary if Plaintiff proffered evidence from which a rational factfinder could conclude that Plaintiff has satisfied the elements of promissory estoppel. Plaintiff has proffered evidence that Lorch made a clear promise to handle Plaintiff's business affairs and meet with a potential client while Plaintiff was incarcerated, and that Lorch did not live up to that promise. Plaintiff has further proffered evidence that he relied on the prom-

---

**4.** Lorch denies that Plaintiff was a member of any of the teams he coached. Plaintiff has failed to proffer any evidence to support the allegation made in the Amended Complaint that Lorch did coach a team on which Plaintiff played.

ise by failing to make other arrangements for the handling of his business affairs during his incarceration. (Holmes Aff. at ¶ 26.) Such reliance could be viewed by a rational factfinder as both reasonable and foreseeable. Plaintiff, however, has failed to proffer sufficient evidence for a rational factfinder to conclude that Plaintiff has satisfied the third element of a promissory estoppel claim—that he sustained an injury as a result of the reliance. In his Amended Complaint, Plaintiff alleges that he "suffer[ed] severe financial harm" as a result of the reliance, but Plaintiff has failed to proffer any admissible evidence to support this contention.[5] Since Plaintiff has failed to proffer evidence sufficient to create a material issue of fact as to an essential element of his claim, Plaintiff cannot rely on promissory estoppel to obviate the need to proffer evidence of consideration. Plaintiff has also failed to proffer sufficient evidence for a rational factfinder to conclude that there was valid consideration for Lorch's promise. Therefore, since consideration is an essential element of a breach of contract claim under New York law, *see Kaplan v. Aspen Knolls Corp.,* 290 F.Supp.2d 335, 337 (E.D.N.Y. 2003), Plaintiff has failed to establish a genuine issue of material fact as to an essential element even if Count Five were construed as a breach of contract claim rather than one for promissory estoppel.[6]

*Plaintiff's Application for Discovery Pursuant to Rule 56(f) As It Relates to Lorch's Motion*

 In the alternative to opposing the instant motions for summary judgment, Plaintiff has requested pursuant to Rule 56(f) that the Court defer ruling on the motions until Plaintiff has had an opportunity to conduct further discovery. Rule 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). "Courts have interpreted Rule 56(f) to provide that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion" until after discovery has been conducted. *G–I Holdings, Inc. v. Baron & Budd,* 218 F.R.D. 409, 413 (S.D.N.Y.2003).

---

**5.** In his opposition brief. Plaintiff does contend that he missed an opportunity to sign a certain recording artist and that the record label business eventually failed as a result of his reliance on Lorch's promise. Briefs, however, do not constitute admissible evidence.

**6.** Since Lorch has made nothing more than conclusory assertions that Plaintiff's amendment of Count Five of the original Complaint was made in bad faith or somehow extends beyond the bounds of reasonableness, Lorch's motion is denied to the extent it seeks dismissal of Plaintiff's fifth cause of action on the ground that the original Complaint was improperly amended.

Lorch has also moved for dismissal of Plaintiff's claim in Count Five on Statute of Frauds grounds. It is not clear whether this issue can be resolved as a matter of law based on the evidence that has been proffered on the current record and, in light of the Court's decision, described *infra,* to defer ruling on Lorch's motion as to Count Five until after the parties have been given an opportunity to conduct discovery and make supplemental submissions, the Court will not address Lorch's Statute of Frauds argument at this time.

The Second Circuit has determined that four factors should be considered in evaluating the sufficiency of the affidavit: "(1) the nature of the uncompleted discovery; (2) how the facts sought are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful." *Id.* While an affiant must show that the material sought is germane to the defense, "Rule 56(f) is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality." *Dubai Islamic Bank v. Citibank,* 126 F.Supp.2d 659, 665 (S.D.N.Y.2000) (internal citation and quotation marks omitted).

Plaintiff has submitted an affidavit pursuant to Rule 56(f) indicating, among other things, that he seeks discovery in the form of affidavits and/or deposition testimony from the recording executive Lorch had allegedly promised to meet on Plaintiff's behalf. Such evidence could create a material issue of fact as to whether Plaintiff suffered an injury as a result of Lorch's failure to make good on his promise to take care of Plaintiff's affairs and meet with the executive. Plaintiff has also correctly asserted in his affidavit that the information could not have been obtained previously because the discovery period has not yet begun, discovery having been stayed pending further order from the Court pursuant to the Court's December 3, 2003, Order. Therefore, on the basis of Plaintiff's affidavit and the Court's thorough consideration of the four relevant factors, the Court grants Plaintiff's application for discovery pursuant to Rule 56(f) to the extent it seeks discovery relating to Plaintiff's claim in Count Five of the Amended Complaint. Accordingly, the Court will defer ruling on Lorch's motion for summary judgment as to Count Five for ninety (90) days, pending discovery and supplemental submissions on this issue.

*Defendant Riverside Church's Motion*

*Statute of Limitations*

■ Defendant Riverside Church contends that Plaintiff's sixth, seventh and eighth causes of action (for negligent hiring, supervision and retention, respectively) are barred by the applicable three-year statute of limitations.[7] *See Green v. Emmanuel African Methodist Episcopal Church,* 278 A.D.2d 132, 718 N.Y.S.2d 324 (1st Dep't 2000). Riverside also contends that to the extent that Counts One, Two and Three are brought against Riverside and, as discussed above, the doctrine of equitable estoppel applies to bar Defendant Lorch from raising the statute of limitations defense as to those claims, equitable estoppel should not apply to bar Riverside from raising the statute of limitations defense. Plaintiff concedes that the instant action was filed after the running of the statute of limitations for those claims, but argues that Riverside is precluded from asserting the statute of limitations defense by the doctrine of equitable estoppel on the grounds that Lorch's alleged actions to induce Plaintiff not to reveal the sexual abuse can be imputed to Riverside under the laws of agency and that Riverside breached a fiduciary duty to Plaintiff to advise Plaintiff of his right to file a cause of action for the alleged sexual abuse.

■ In New York, "[t]he general rule is that the acts and knowledge of an agent acting within the scope of his agency are imputed to the agent's principal." *In re Maxwell Newspapers, Inc.,* 151 B.R. 63, 69

---

**7.** Riverside's statute of limitations argument applies with equal force to Plaintiff's eleventh cause of action, which also sounds in negligence and is similarly subject to a three-year statute of limitations.

(Bkrtcy.S.D.N.Y.1993) (citing *Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 784, 497 N.Y.S.2d 898, 488 N.E.2d 828 (1985)). Plaintiff has failed to proffer any evidence whatsoever to support the rather incredible assertion that making representations and inducements to conceal sexual abuse was somehow within the scope of Lorch's alleged agency. Thus, the Court finds that a rational factfinder could not conclude that Lorch had actual authority to induce Plaintiff not to reveal the alleged sexual abuse.

 Plaintiff also contends that Lorch's alleged representations and inducements can be imputed to Riverside based on the doctrine of apparent authority. Under the doctrine, "the third party's reasonable reliance upon the appearance of authority binds the principal." *Standard Funding Corp. v. Lewitt*, 89 N.Y.2d 546, 551, 656 N.Y.S.2d 188, 678 N.E.2d 874 (1997). " 'Essential to the creation of apparent authority are *words or conduct of the principal,* communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction.' " *Id.* (quoting *Hallock v. State*, 64 N.Y.2d 224, 231, 485 N.Y.S.2d 510, 474 N.E.2d 1178 (1984) (emphasis supplied)). The agent cannot by virtue of his own actions "imbue himself with apparent authority." *Hallock*, 64 N.Y.2d at 231, 485 N.Y.S.2d 510, 474 N.E.2d 1178. "Rather, the existence of 'apparent authority' depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent." *Id.* (internal citation and quotation marks omitted). A third party dealing with an agent may rely on the appearance of authority only to the extent such reliance is reasonable. *Id.*

Plaintiff has not proffered any evidence of misleading words or conduct on the part of Riverside that caused Plaintiff to rely on Lorch's alleged misrepresentations or that gave the appearance that Lorch had the authority to make representations aimed at inducing Plaintiff to conceal the alleged sexual abuse. Plaintiff points only to purported evidence that Riverside exercised no oversight of Lorch to support his contention that Lorch's words and conduct can be imputed to Riverside based on the doctrine of apparent authority. The Court finds that a rational factfinder could not conclude that Plaintiff could have reasonably believed based solely on such a lack of supervision that Lorch possessed the authority to induce Plaintiff to conceal the alleged sexual abuse.

The Court therefore finds that Plaintiff has failed to proffer sufficient evidence for a rational factfinder to conclude that Lorch's alleged representations inducing Plaintiff to conceal the alleged abuse could be imputed to Riverside based on the law of agency in a manner that would bar Riverside from raising the statute of limitations defense.

 Plaintiff also contends that Riverside should be equitably estopped from raising the statute of limitations defense because Riverside and Plaintiff had a fiduciary relationship obligating Riverside to inform Plaintiff of his right to file a cause of action. " 'Where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing a timely action, the plaintiff must demonstrate a fiduciary relationship . . . which gave the defendant an obligation to inform him or her of facts underlying the claim' " in order to estop a defendant from raising the statute of limitations as a defense. *Hetelekides v. Ford Motor Co.*, 299 A.D.2d 868, 750 N.Y.S.2d 404 (4th Dep't 2002) (quoting *Gleason v. Spota*, 194 A.D.2d 764, 765, 599 N.Y.S.2d 297 (2nd Dep't 1993)). Plaintiff has proffered no

evidence to support its contention that Riverside was aware of the alleged sexual abuse and concealed it. In any event, Plaintiff was well aware of the facts underlying the claim. "Even 'in cases involving fiduciary relationships, tolling ceases to work to a plaintiff's benefit when the plaintiff possesses sufficient facts that he must engage in some inquiry, and he fails to live up to that obligation.'" *Levy v. Aaron Faber, Inc.*, 148 F.R.D. 114, 120 (S.D.N.Y. 1993) (quoting *Zola v. Gordon*, 685 F.Supp. 354, 365 (S.D.N.Y.1988)). Here, Plaintiff possessed knowledge sufficient to have been able to commence the instant action in a timely fashion. Further, it is undisputed that Plaintiff ceased participating in the Riverside Church Youth Basketball Program in 1983. Any tolling of the statute of limitations by reason of equitable estoppel based on a fiduciary relationship arising from Plaintiff's participation in the Riverside basketball program would thus have long since expired. Therefore, Plaintiff has not met his burden of proffering facts sufficient for a rational factfinder to apply the doctrine of equitable estoppel based on Riverside's alleged breach of its fiduciary duty to advise Plaintiff of his right to file a cause of action.

*Riverside's Contention that Lorch's Conduct Underlying Counts One through Five and Count Ten Cannot Be Imputed to Riverside Under the Laws of Agency*

 To the extent Plaintiff brings Counts One through Five and/or Count Ten of the Amended Complaint against Riverside on the ground that Lorch's conduct underlying those claims can be imputed to Riverside under the laws of agency, Plaintiff has not proffered sufficient evidence for a rational factfinder to conclude that Lorch had actual or apparent authori-

ty to commit the alleged sexual abuse (the conduct underlying Counts One, Two and Three), make promises to take care of Plaintiff's business affairs while Plaintiff was in prison (the conduct alleged in Count Five) or, as already discussed above, induce Plaintiff not to sue until after the statute of limitations had run (the conduct alleged in Count Four).[8]

As noted above, a principal can be held liable for the tortious acts of its agents if they were committed within the scope of the agent's authority. Plaintiff has not proffered any evidence that Lorch's alleged sexual assault of Plaintiff was committed for anything other than personal reasons, or that the alleged assault was somehow in furtherance of Riverside's business. Therefore, a rational factfinder could not conclude that the alleged abuse was within the scope of Lorch's authority as a coach in and director of Riverside's basketball program. *See N.X. v. Cabrini Medical Center*, 97 N.Y.2d 247, 251–52, 739 N.Y.S.2d 348, 765 N.E.2d 844 (2002) (finding that a sexual assault perpetrated by a hospital employee was not in furtherance of hospital business and was a clear departure from the scope of employment, having been committed for purely personal motives; therefore, hospital could not be found liable for employee's misconduct).

 Further, even if Plaintiff had proffered evidence sufficient for a rational factfinder to conclude that the sexual abuse was within the scope of Lorch's agency, the adverse interest exception would apply. Under the exception, "when an agent acts adversely to its principal, the agent's actions and knowledge are not imputed to the principal." *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 179 (2d Cir.2004). Although the ex-

---

**8.** Presumably, the conduct underlying the general negligence claim alleged in Count Ten is a combination of all or some of the conduct underlying Counts One through Five.

ception is narrow, applying only when the agent has totally abandoned the interests of the principal, *id.*, Plaintiff has proffered no evidence to indicate that the alleged sexual abuse was anything other than completely adverse to the interests of Riverside.

Plaintiff has also failed to proffer evidence of words or conduct on the part of Riverside that would give rise to a reasonable belief by Plaintiff that Lorch possessed the authority to sexually abuse Plaintiff. Hence, a rational factfinder could not find Riverside liable for the alleged sexual abuse of Plaintiff based on the doctrine of apparent authority either.

In addition, Plaintiff has not proffered any evidence to indicate that the conduct complained of in Count Five was within Lorch's actual or apparent authority. The alleged promise made by Lorch occurred on or about February 1, 2000—about 17 years after the alleged abuse ceased. While Plaintiff has proffered evidence that Lorch was still in the employ of Riverside until 2002, Plaintiff has not proffered evidence sufficient for a rational factfinder to conclude that making a promise to run Plaintiff's business affairs while he was in prison was somehow within the scope of Lorch's authority. Nor has Plaintiff proffered any evidence of words or actions on the part of Riverside that would give rise to a reasonable belief that Lorch possessed the authority to make such a promise.

Finally, as explained in the section of this opinion pertaining to Riverside's statute of limitations argument, Lorch's alleged representations designed to induce Plaintiff not to timely file a cause of action based on the alleged sexual abuse (the conduct alleged in Count Four of the Amended Complaint) cannot be imputed to Riverside based on the laws of agency because Plaintiff has not proffered evidence sufficient for a rational factfinder to conclude that such conduct was within Lorch's actual or apparent authority.

*Plaintiff's Application for Discovery Pursuant to Rule 56(f) As It Relates to Riverside's Motion*

Plaintiff contends pursuant to Rule 56(f) that the Court should delay decision on Riverside's motion until Plaintiff has had an opportunity to conduct discovery relating to the issues raised in the motion. Specifically, Plaintiff seeks additional evidence that Riverside knew or should have known of the alleged sexual abuse, and that Riverside permitted Lorch to act as Riverside's agent without supervising his conduct. According to Plaintiff, such evidence would take the form of affidavits and deposition testimony of former players, coaches and/or Riverside staff members, and/or documents, or a lack thereof, in the custody of Riverside showing that the Church conducted little or no oversight of Lorch's conduct while he acted on behalf of Riverside.

As noted above, an essential element of the Second Circuit's test for evaluating the sufficiency of a Rule 56(f) affidavit is a description of how the facts sought are reasonably expected to create a genuine issue of material fact. As to Plaintiff's argument that Riverside is equitably estopped from asserting the statute of limitations defense on the ground that Lorch's alleged fraudulent inducement not to reveal the abuse can be imputed to Riverside, the Court finds that the evidence sought by Plaintiff would not be relevant to the key issue of whether Lorch possessed actual or apparent authority to induce Plaintiff to refrain from revealing the alleged sexual abuse. After all, Plaintiff's argument that Riverside is precluded by the doctrine of equitable estoppel from asserting the statute of limitations defense is predicated on the contention that Lorch's inducement can be imputed to Riv-

erside. Evidence that Riverside had or should have had knowledge of the abuse and/or that Lorch was not subject to oversight would not have any bearing on the issue of whether Lorch, acting as an agent of Riverside, had actual or apparent authority to induce Plaintiff not to reveal the alleged abuse.

In addition, evidence of a lack of supervision would not ultimately have any bearing on the issue of whether Riverside is equitably estopped from raising the statute of limitations defense by virtue of an alleged concealment of facts related to the sexual abuse in breach of its fiduciary duty. While evidence that Riverside knew of the abuse is indeed relevant to this issue, such evidence would not be sufficient to create a genuine issue of material fact because even if Plaintiff can proffer evidence that Riverside knew of the alleged abuse and concealed it, Plaintiff, as noted above, had sufficient knowledge of the facts to have brought a timely claim anyway. Further, the facts giving rise to the estoppel have long since ceased to be operational. Thus, even with the evidence described in Plaintiff's affidavit, a rational juror could not conclude that Riverside should be equitably estopped from raising the statute of limitations defense as result of not advising Plaintiff of his right to file a cause of action.

Finally, as to Count Five of the Amended Complaint, which is not barred by the statute of limitations, evidence that Lorch was not supervised and that Riverside knew of, or should have known of, the alleged sexual abuse clearly would not be relevant to the issue of whether Lorch had actual or apparent authority to make a promise to Plaintiff that he would take care of Plaintiff's affairs while Plaintiff is in prison.

Thus, with respect to Riverside's motion, the Court finds that Plaintiff has failed to satisfy his burden under Rule 56(f) of demonstrating how the facts sought have any reasonable prospect of creating a genuine material issue of fact. Accordingly, Plaintiff's request that the Court reserve decision on Riverside's summary judgment motion pending discovery is denied. Defendant Riverside's motion for summary judgment is granted in its entirety, and the Amended Complaint is dismissed as to Riverside.

## CONCLUSION

In light of the foregoing, Defendant Lorch's motion for summary judgment is denied with respect to the claims asserted in Counts One, Two, Three, Four [9] and Ten of the Amended Complaint. Defendant Riverside Church's motion for summary judgment is granted in its entirety. Accordingly, the Amended Complaint is dismissed as to Riverside. Plaintiff's motion pursuant to Rule 56(f) is granted to the extent the Court defers decision on Lorch's motion for summary judgment as to Plaintiff's promissory estoppel/breach of contract claim in Count Five for ninety (90) days, pending discovery and supplemental submissions. Plaintiff's Rule 56(f) application is in all other respects denied.

Plaintiff and Defendant Lorch shall promptly propose a schedule for discovery and supplemental submissions on the Count Five issue.

IT IS SO ORDERED.

---

9. In Count Four of the Amended Complaint, Plaintiff pleads facts setting forth a foundation for invoking equitable estoppel as a bar against Lorch raising the statute of limitations defense.