13-3999-cv
*Corporate Trade, Inc. v. Golf Channel*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of April, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges.*

_____

CORPORATE TRADE, INC.,

> *Plaintiff-Appellant,*

> v.                                                                                          13-3999-cv

GOLF CHANNEL,

> *Defendant-Appellee.*

_____

FOR APPELLANT:          LOUIS HARVEY MIRON, ESQ., Cranford, New Jersey.

FOR APPELLEES:          STEVEN GERBER, ESQ., Gonzalez Saggio & Harlan LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Corporate Trade, Inc. ("CTI") appeals from the judgment of the district court, entered on September 25, 2013, granting Defendant-Appellee Golf Channel's motion to dismiss CTI's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Having considered all of CTI's arguments, we affirm for substantially the same reasons stated in the district court's decision.

We note, however, that "[w]hile a statute of limitations defense may be raised in a motion to dismiss . . . such a motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989) (emphasis removed) (quotation and internal quotation marks omitted). Although CTI argues for both equitable estoppel and equitable tolling on appeal, New York law does not distinguish between the doctrines and applies the same analysis. *See, e.g.*, *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007); *In re Fischer*, 308 B.R. 631, 656 (Bankr. E.D.N.Y. 2004) ("Unlike federal law, however, New York state law does not differentiate between doctrines of fraudulent concealment (equitable tolling) and equitable estoppel."). Because the "act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying substantive cause of action," equitable estoppel is not applicable in this case. *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 167 (1st Dep't 2003); *see also Smith v. Smith*, 830 F.2d 11, 13 (2d Cir. 1987); *Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 267 (S.D.N.Y. 2006).

2

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3